STATE EX REL. PETERSON, Administrator, Petitioner, vs. CIRCUIT COURT FOR LA CROSSE COUNTY and others, Defendants.

*May 13—June 6, 1922.*

*Executors: Distribution of estate according to statute or ante-nuptial agreement: Jurisdiction of county court: Equitable issues: Advice to administrator: Jurisdiction of circuit court: Supervision: Prohibition.*

1. By sec. 4043b, Stats. 1921, the right of trial of a proper issue by a jury in either the county or the circuit court is limited to such issues as are of right triable by a jury in the circuit court, as provided by sec. 2843.
2. Where an administrator, in his capacity as such, raised the question as to whether distribution under final settlement should proceed according to the statutes or whether such distribution should be made subject to the provisions of an alleged ante-nuptial contract, the county court, by sec. 2443, Stats. 1921, had jurisdiction.
3. An administrator is the legal owner for the time being of personal property of which decedent died possessed, and his title excludes creditors, legatees, and others interested in the estate. He is bound to carry out the contracts of the deceased, and in administering intestate property his functions are in the nature of those of a trustee, and he has at all times the right, and it sometimes becomes his duty, to apply to the court for guidance.
4. Where a proceeding instituted by an administrator was in the nature of an application to the court for direction and guidance, and was an attempt to specifically enforce, as against the widow, the provisions of an alleged ante-nuptial contract, the proceeding was in the nature of specific performance, and relief could only be granted by a court of equity.

5. The relations between an administrator and the parties interested in the estate is one of express trust, which equity has the power to enforce.
6. The issue presented by such application was equitable, and in view of the equity jurisdiction conferred by statute upon county courts, the latter had full primary jurisdiction to enforce the contract or give guidance or direction to the administrator in relation thereto, and the jurisdiction of the circuit court, while concurrent, was suspended.
7. Where a writ of prohibition would save trouble, hardship, and expense attendant upon a trial in the circuit court and would effect a return of the record to the county court, where the matter can and ought to be heard, issuance of the writ is a proper remedy.

VINJE, C. J., dissents.

THIS IS A PETITION to this court praying for a writ of prohibition commanding the circuit court for La Crosse county to desist from proceeding further in said action, and commanding the respondent *Maren Andaas* to desist from further prosecuting said action in said circuit court.

The petitioner, among other things, alleges that he is the administrator of the estate of Ole P. Andaas, deceased; that said deceased died intestate, a resident of said La Crosse county, leaving him surviving his widow, the respondent *Maren Andaas,* and the following adult children, to wit, Edwin P. Andaas, Gene Andaas Nelson, Julius Peterson Andaas, and Anna Andaas; that the estate of said deceased was ready for final settlement, and that the administrator, who as such was in possession of personal property of the value of about $18,400, had made and filed a petition for final settlement in the county court of La Crosse county, and a final account; and that in such petition he alleged that prior to the marriage of said deceased and said *Maren Andaas* they entered into an ante-nuptial agreement in writing, under and pursuant to which, in consideration of the marriage, the said *Maren Andaas* agreed that in the event of her surviving the deceased she would take from the estate of said deceased the sum of $400 as

and for any and all rights which she might have under the statute to a distributive share of his estate, and in lieu of dower. It is also alleged that said marriage contract was lost.

The petition further alleges that at the time of the execution of said marriage contract the parties also entered into an oral agreement in which the deceased expressed an intention of deeding his farm to his son Julius Peterson Andaas, and that as a part of the consideration of such transfer he would exact from said son the execution of a contract providing, among other things, for an obligation on his part to support the said deceased and the said *Maren Andaas* during their natural lives, and that the said *Maren Andaas,* the widow, is now living with said son and receiving the benefits of said contract.

The petition further prays for the establishment of said marriage contract and the distribution of said estate in accordance with said contract, and that the residue be distributed according to law among the heirs at law of the deceased.

Said *Maren Andaas* appeared in said county court and denied the execution of said marriage contract, and among other things alleged that such contract, if executed, was procured by fraud, and was during the lifetime of the parties canceled and rescinded. A jury trial was demanded by the respondent *Maren Andaas* in the county court, and such court thereupon, upon her request, ordered that the issues presented upon the petition and answer be transmitted, together with the record, to the circuit court, as provided by law. The petitioner thereupon appeared specially in said circuit court and moved the court to remand the record and proceedings to the county court, for the reason that the circuit court had no jurisdiction of the matter, which motion the circuit court denied.

For the petitioner there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin.*

For the respondent *Andaas* there was a brief by *Jesse E. Higbee* and *O. J. Swennes,* both of La Crosse, and oral argument by *Mr. Swennes.*

Doerfler, J.   Sec. 4043*b,* Stats. 1921, provides:

"Section 4043*b.*   1.   Jury trials may be demanded and had in county court, in counties having a population of over fifteen thousand, in all issues of fact, in all appealable cases in which a jury trial may be had in similar matters according to the law and practice in circuit courts.

"2. In all cases provided in subdivision 1, any person having the right of appeal from the order, judgment, decree, determination or denial of the court may demand that the issue be tried by a jury in the county court, by filing with the court within ten days after notice from the court that the matter is to be contested, a written demand for a jury trial, and paying to the register of probate or the clerk of the county court, the sum of ten dollars to be paid by him into the county treasury.   Whenever such issue has been transferred for trial to the circuit court, as provided in this section, the judge of the county court may, by order, direct that said sum of ten dollars be refunded to the person having paid the same and the county treasurer upon presentation of such order shall refund said amount."

"8. Any person having the right of appeal from any order, judgment, decree, determination or denial of the county court in cases of trial by jury as provided in subsection 1 of this section upon filing with the county court a written demand therefor within ten days after notice from the court that a jury trial has been demanded, may have the matter under consideration transferred to the circuit court of the same county to hear, try and determine.   Upon the filing of such demand the judge of the county court shall immediately cause the record and proceedings in the matter to be certified to the clerk of the circuit court of such county, who shall forthwith assign such matter to the judge of the circuit court for trial or other determination. . . . The circuit court may render such judgment as may be proper, or make such order therein as the county court ought to have made and may remit the case to the county court for further proceedings, in pursuance of the opinion of the cir-

cuit court, or may make any order or take any action therein or enforce its own judgment as the circuit court may deem best. In all cases the county court, after such cause is remitted, shall proceed therein in accordance with the determination of the circuit court. The right of appeal from the determination of the circuit court to the supreme court shall be governed by the provisions of chapter 132 of the statutes."

Sec. 2843, Stats., provides:

"An issue of law is triable by the court. An issue of fact in an action for the recovery of money only, or of specific real or personal property, or for a divorce on the ground of adultery must be tried by a jury except as otherwise provided in this chapter and except that all issues arising on equitable defenses or counterclaims are triable by the court. Every other issue must be tried by the court, which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury; or may refer an issue as hereinafter provided."

In counties having a population of less than 15,000 an appeal lies from the county court to the circuit court, and no provision is made for trial by a jury in the county court. When the statute was changed so as to authorize a direct appeal to the supreme court from the county court in counties having a population in excess of 15,000, provision was made for jury trials in proper cases in such county courts, and it was also provided that any person having the right of appeal may, upon filing with the county court a written demand therefor, have the matter transferred to the circuit court to be tried and submitted by such court to a jury.

A reading of these statutes makes it clear that the right of trial of a proper issue by a jury in either the county or the circuit court is limited to such issues as are of right triable by a jury in the circuit court, as is provided by sec. 2843, Stats.

Respondent contends that the issue presented in the instant case is a jury issue and that she has a statutory right to a jury trial in the circuit court. On the contrary, it is

contended by the petitioner that the issue presented is equitable in its nature; that inasmuch as the statutes only contemplate the right of a trial by jury in the county court or in an issue transmitted by such court to the circuit court where a jury trial is demandable as a matter of right, the circuit court has no jurisdiction to try such issue.

In *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 529, 181 N. W. 722, it was held:

"Conceding that, under the broad equitable powers of a court of *nisi prius* such as is the circuit court, there exists a concurrent jurisdiction with the county court as to matters involving the estates of decedents, nevertheless it is well and long established by a series of decisions of this court that the circuit court is as much bound to refuse to assume jurisdiction when such lack of power to grant adequate relief in the county court is not clearly shown as though there were an absence of jurisdiction in the circuit court." Citing numerous Wisconsin cases.

In *Wisdom v. Wisdom,* 155 Wis. 434, 145 N. W. 126, it was held that the county court has full jurisdiction in law as well as in equity in respect to all matters involved in the settlement of the estates of deceased persons. Such jurisdiction is conferred by sec. 2443, Stats., and is also declared in *Brook v. Chappell,* 34 Wis. 405; *Catlin v. Wheeler,* 49 Wis. 507, 5 N. W. 935; *Tryon v. Farnsworth,* 30 Wis. 577; *Carpenter v. U. S. F. & G. Co.* 123 Wis. 209, 101 N. W. 404.

It is thus evident that if the issue involved is one purely cognizable by a court of equity, the county court not only has jurisdiction to try and determine the matter but that the circuit court should not assume jurisdiction.

The issue involved was raised by the administrator in his capacity as such so that it might be determined whether the distribution under the final settlement shall proceed according to the statutes or whether such distribution shall be made subject to the provisions of the alleged ante-nuptial contract.

The administrator is the legal owner, for the time being, of the personal property of which the decedent died possessed, and his title and authority extend so completely to all such property as to exclude, for the time being, creditors, legatees, and all others beneficially interested in the estate. 18 Cyc. 206.

In administering the property of an intestate, an administrator's functions, like those of an executor, are in the nature of those of a trustee, and he has at all times the right, and in many instances it becomes his duty, to apply to the court for direction and guidance. 18 Cyc. 208.

An administrator is bound to carry out the contracts of the deceased. 11 Ruling Case Law, p. 163, § 173.

The question therefore arose, when the time for final settlement arrived, whether the administrator should distribute the property strictly in accordance with law or whether he should recognize the alleged ante-nuptial contract. In our view of the case, the proceeding instituted by the administrator is in the nature of an application to the court for direction or guidance, and such application appeals to the equity jurisdiction of the county court. The petition for final settlement in the county court, properly construed, amounts to an attempt to specifically enforce, as against the widow, the provisions of the alleged ante-nuptial contract. In other words, the proceeding is in the nature of specific performance. Presumptively the widow is entitled to her distributive share under the statutes, and until this presumption is overcome by the establishment of the contract her statutory rights continue. Therefore the primary aim which the petitioner has in mind in instituting these proceedings is to deprive the widow of her statutory rights, and the judgment of the court, assuming that the ante-nuptial contract is established, must decree a release of statutory rights in favor of the heirs at law in consideration of the payment of the amount provided for in the

contract.    Such relief can only be granted by a court of equity.

The relation between the administrator and the parties interested in the estate is virtually one of express trust, which equity has always the power to enforce.    1 Pomeroy, Eq. Jur. (4th ed.) § 156.

The jurisdiction to enforce performance of contracts specifically is exclusive in equity, for the remedy itself is most distinctively equitable and completely beyond the judicial method of law courts.    1 Pomeroy, Eq. Jur. (4th ed.) § 221.

It is argued by counsel for the respondent that if the situation were reversed and an action were brought by the widow against the estate upon the alleged ante-nuptial contract, such action would be properly legal and would therefore be triable by a jury in the circuit court in accordance with the provisions of the statute.    With respect to this contention it may be said that, if the widow had seen fit to resort to such an action, an entirely different situation would be presented, for in that event she would by her very act disclaim any interest in the estate by virtue of her distributive share; in fact, such act would estop her from making such claim.    No question then would arise with reference to the cancellation or release of her statutory rights nor of the construction of the contract itself, for her very attitude would amount to an affirmance of the validity of such contract.    In the proceedings as instituted a court of equity, before depriving the widow of her rights in law, would have full power and authority to create a lien upon her distributive share in law until the payment of the amount provided for by the contract.    Thus it becomes clear that the issue presented is an equitable one, and, in view of the equity jurisdiction conferred by statute upon county courts, the county court has full primary jurisdiction to enforce the ante-nuptial contract or to give guidance

or direction to the administrator with respect to his duties and obligations in relation thereto.    And it follows as a necessary sequence, under the *Pietraszwicz* and other cases cited, that although the circuit court has concurrent jurisdiction, such jurisdiction is suspended in the interests of the county court.

In accordance with the legislative scheme heretofore referred to and declared in numerous decisions above cited, all actions and proceedings coming within the jurisdiction of the county court and in which the county court can afford adequate relief should be there tried.    The county court has before it in the action in question all of the parties and has full jurisdiction of the subject matter.    The orderly procedure in the matter of administration of estates of deceased persons therefore requires that matters like those involved in the instant case should be adjudicated in that court and not in the circuit court, and a party interested therefore cannot be compelled to litigate in the circuit court in a matter where full relief can be granted in the county court.    The importance of resorting to the county court in matters coming properly before it has been prominently impressed upon the profession by numerous decisions of this court, and unless, therefore, these decisions may be ignored and the legislative scheme frustrated, this matter should be confined to the proper jurisdiction.

In order to prevent further proceedings in the circuit court the petitioner has applied for a writ of prohibition. Such writ has been defined as "A writ issuing out of the superior courts directed to the judge and parties of an inferior court, commanding them to cease from the prosecution of a suit, upon a suggestion that either the cause originally or some collateral matter therein does not belong to that jurisdiction but to the cognizance of some other court." *Camron v. Kenfield,* 57 Cal. 550; *Washburn v. Phillips,* 2 Metc. (43 Mass.) 296, 298.

Unless this writ is issued the petitioner will be obliged

State ex rel. Peterson v. Circuit Court, 177 Wis. 548.

either to permit the matter in the circuit court to go by default and then appeal to this court, or to participate in the trial of the matter in a court which clearly ought not to assume jurisdiction of the matter. In either event petitioner will be put to great hardship, expense, and trouble. Such was the ruling of this court in a recent case (*Petition of Inland Steel Co.* 174 Wis. 140, 182 N. W. 917), where this court directed the issuance of the writ. The issuance of this writ will result in the prohibition on the part of the circuit judge and of the respondent, the widow, from proceeding with the trial in the circuit court, and will effect a return of the record to the county court, where the matter can and should, as a matter of right, be tried.

We therefore hold that the issuance of the writ of prohibition in the instant case is a proper remedy.

*By the Court.*—Let a writ of prohibition issue as prayed for in the petition.

VINJE, C. J. (*dissenting*). A writ of prohibition should not issue because the relator has an adequate remedy by appeal. The issue presented by the administrator in setting up the ante-nuptial contract is a pure issue of fact triable by a jury. That its determination may affect the amount the widow is entitled to in the final distribution of the estate does not make it an equitable issue. The question presented by the issue is, Was a valid ante-nuptial contract made? The administrator says it was made, and the widow says it was not made. It is difficult to imagine a more clear-cut question of fact. No reformation, no specific performance is sought. If the contract was made it fixes the widow's rights. If it was not made the statute fixes them. There is, in either event, no room for any discretion on the part of a court of equity. Only legal rights are in issue dependent upon disputed facts. For this reason the case was properly sent to the circuit court for trial on the issue made.