WILL OF WEIDMAN: CREIDER and another, Appellants, vs. RICHARDS, Respondent.

*January 11—March 9, 1926.*

*Courts: Jury trials in county court: In contested will cases: Transmittal to circuit court for trial: Jurisdiction of circuit court: Waiver of objections to trial: Harmless error: Costs as against contestants.*

1. In a will contest there is no right to a trial by jury, the submission of the issues to a jury being wholly discretionary with the trial court, and the verdict merely advisory. p. 321.

2. There being no right to a trial by jury in such a proceeding, the circuit court acquires no jurisdiction by virtue of sec. 324.17, Stats. 1925, which applies only to matters which are of right triable by a jury in the circuit court. p. 321.

3. Ch. 183, Laws of 1919, relating to appeals from the county courts and jury trials therein, is intended to preserve the right to a jury trial in those cases where the parties would have been so entitled, under the former practice, had the proceedings been begun in the circuit court originally. p. 321.

4. In view of secs. 2, 8, and 14, art. VII, Const., and secs. 2 and 3 of ch. 86, R. S. 1849, the primary jurisdiction to probate wills and administer estates is in the county court; and the circuit courts, under their general jurisdiction, must not administer estates unless the pleadings show that the power of the county court is inadequate to afford a remedy.  p. 323.
5. The circuit courts, however, have jurisdiction of probate proceedings concurrent with the county courts.  p. 323.
6. It was error for the county court to transmit a contested will case for trial to the circuit court and for the latter to try the case; but since the circuit court had jurisdiction of both the subject matter and the parties, the errors were not prejudicial.  p. 324.
7. If timely objections are made by either party to the assumption of jurisdiction by the circuit court of an action commenced in the county court, and it does not appear that the county court is unable to give adequate relief, it is reversible error for the circuit court to proceed with the trial of the case.  p. 324.
8. Where no objection was taken to the order of the county court transmitting the case for a jury trial to the circuit court or to proceeding in that court, the judgment must stand, unless against the great weight or preponderance of the evidence. p. 324.
9. The unsuccessful contestants are not entitled to have costs in this court paid from the estate, and costs in the trial court should be against them.  p. 325.

APPEAL from a judgment of the circuit court for Sauk county: E. W. CROSBY, Judge.  *Affirmed.*

This matter involved the probate of the will of Elmer Weidman, deceased.  The will was filed in the county court of Sauk county for probate.  Objections were filed by certain heirs to the probate of the will, and thereupon these heirs, as contestants, filed a demand with the county court for a jury trial of the issues, and paid into the court the jury fee of $10.  The county court thereupon made the following order:

"It appearing from the records herein that objections have been filed to the admission of the will of the said Elmer E. Weidman to probate, and a demand having been made for a jury trial thereof, and it appearing that said cause is

the only one now pending in said court in which a demand for a jury trial has been filed; and the court deeming it not expedient to summon a jury for the trial of one cause, does now in its discretion certify said record to the circuit court for Sauk county to the end that said cause may stand for trial at the regular September, 1922, term of said court."

Thereupon the records were certified to the circuit court, and the case was thereafter tried in the circuit court before a jury. The jury disagreed, and then by stipulation the cause was submitted to the circuit judge on the evidence taken before the jury. The judge found in favor of the proponent of the will, and ordered the cause transmitted to the county court with directions to admit the will to probate. From this judgment the contestants appeal to this court.

*Frank R. Bentley* of Baraboo, for the appellants.

For the respondent there was a brief by *Bohn & Kjorstad* of Baraboo and *Olin & Butler* of Madison, and oral argument by *E. L. Wingert* and *H. H. Thomas,* both of Madison.

CROWNHART, J. The question of jurisdiction of the circuit court was raised in this court for the first time upon the argument of the cause. If the circuit court did not have jurisdiction to try the cause, this court acquires no jurisdiction by appeal. It is the contention of the appellants that the circuit court acquired jurisdiction by virtue of sec. 4043*b* (now sec. 324.17), Stats., which reads as follows:

"1. Jury trials may be demanded and had in county court, in counties having a population of over fifteen thousand, in all issues of fact, in all appealable cases in which a jury trial may be had in similar matters according to the law and practice in circuit courts.

"2. In all cases provided in subdivision 1, any person having the right of appeal from the order, judgment, decree, determination or denial of the court may demand that the issue be tried by a jury in the county court. . . .

"3. Upon the filing of such demand . . . the court may order an issue to be framed . . . provided, however, that the county court may, thereafter, in its discretion, by order transfer the matter or cause, and the record thereof, to the circuit court of such county to be tried therein as provided by law."

"8. Any person having the right of appeal from any order, judgment, decree, determination or denial of the county court in cases of trial by jury as provided in subsection 1 of this section upon filing with the county court a written demand therefor . . . may have the matter under consideration transferred to the circuit court of the same county to hear, try and determine. . . ."

Sauk county has a population in excess of 15,000. It was held in *State ex rel. Peterson v. Circuit Court,* 177 Wis. 548, 188 N. W. 645, that this statute applies only to matters which are of right triable by a jury in the circuit court, as provided by sec. 2843 (now sec. 270.07), Stats.

It is well settled in this state that in will contest cases there is no right to trial by jury, the submission of the issues to a jury being wholly discretionary with the trial court, and the verdict merely advisory. *Will of Jackman,* 26 Wis. 104, 107–111; *Will of Carroll,* 50 Wis. 437, 440, 441, 7 N. W. 434. This being so, the circuit court acquired no jurisdiction by virtue of proceedings under sec. 4043*b* (now sec. 324.17), Stats.

It is doubtful if there are any cases constitutionally triable in county court by jury as a matter of right. Before the enactment of ch. 183, Laws of 1919, appeals from determinations of contested questions of fact were to the circuit court. In circuit court the parties were entitled to trial by jury in those cases where they would have been so entitled had the proceeding been begun in circuit court originally. The statute was intended to preserve that right by providing that when on appeal under the former practice the parties were entitled to jury trial, they should have that right

preserved either by jury trial in county court or by having the matter certified to the circuit court, as the case might be.

It is claimed that the circuit court is a court of general jurisdiction; that it had concurrent jurisdiction with the county court to try the issues in this case; that, having such jurisdiction, the parties may waive the irregularity of the order of the county judge in transferring the cause to the circuit court, and by consent try the cause in the circuit court. There were no objections in the county court to the transfer of the proceedings, and the parties did appear in the circuit court and try the cause without objection.

The constitution of the state provides:

"The judicial power of this state, both as to matters of law and equity, shall be vested in a supreme court, circuit courts, courts of probate, and in justices of the peace. . . ." Art. VII, sec. 2.

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same. . . ." Art. VII, sec. 8.

"There shall be chosen in each county, by the qualified electors thereof, a judge of probate, who shall hold his office for two years and until his successor shall be elected and qualified, and whose jurisdiction, powers and duties shall be prescribed by law. . . ." Art. VII, sec. 14.

Immediately following the adoption of the constitution in 1849, the legislature provided for the establishment of county courts. Ch. 86, R. S. 1849. By sec. 2 it was provided:

"The county court shall be a court of record, with a clerk and seal, and shall have original jurisdiction concurrently with the circuit court to try and determine, according to law, all civil actions arising within the county for which such courts shall be held; . . ."

By sec. 3 it was provided:

"Such court shall have the powers and jurisdiction now by law conferred on judges of probate, and shall perform all of the duties of judges of probate, in the manner provided by law, and wherever the words 'judge of probate' occur in any of the laws of this state, it shall be taken and construed to mean 'judge of the county court.' "

There has been much discussion in this court over the effect of these provisions, but it will avail little to go over the decisions at this time to try to reconcile or distinguish them. It will suffice to say that the law is now well settled that the primary jurisdiction to probate wills and administer estates is in the county courts; that under their general jurisdiction circuit courts must not assume the administration of estates unless there is a showing in the pleadings that the power of the county court is inadequate to afford a remedy in the particular proceeding at issue; that when a circuit court assumes jurisdiction in such matters without such showing, its acts will be treated the same as though it was without jurisdiction. This court seems to have come to this conclusion not so much from a literal interpretation of the constitution and statutes applicable as to bring about a policy conducive to harmonious and effective administration of probate matters. *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704; *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304; *Goyke v. State,* 136 Wis. 557, 561, 562, 117 N. W. 1027, 1126; *Wisdom v. Wisdom,* 155 Wis. 434, 438, 145 N. W. 126; *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 181 N. W. 722; *State ex rel. Peterson v. Circuit Court,* 177 Wis. 548, 188 N. W. 645; *Libby v. Central Wis. T. Co.* 182 Wis. 599, 197 N. W. 206. We have found no reported case where the circuit court has assumed primary jurisdiction to probate a will.

However, there can be no doubt that the circuit courts have jurisdiction of probate proceedings concurrent with

county courts, unless we are to deny such jurisdiction by implication arising from the grant by the legislature of jurisdiction to the county court. But, as has been seen, this court has repeatedly held that the circuit court has jurisdiction for many purposes, and it has never expressly held the circuit court without jurisdiction. As was said in *Catlin v. Wheeler,* 49 Wis. 507, 520, 5 N. W. 935, and approved in *Burnham v. Norton,* 100 Wis. 8, 12, 75 N. W. 304:

"It has already been decided by this court that the county courts have jurisdiction in such matters concurrent with the circuit court, or court of chancery proper, by force of the statute; but it will require the strongest, clearest, and most unequivocal language of the statute to make such a jurisdiction of the county courts in probate exclusive, and no such language is found in the present statute."

We conclude that the county court was in error in transmitting the matter to the circuit court, and that the circuit court was in error in receiving it and trying it; but that the circuit court had jurisdiction of both the subject matter and of the parties; and the errors were not prejudicial to the rights of the parties. This is in accord with the spirit of the statutes on appeal from inferior courts, sec. 2836*a* (now sec. 269.51), and sec. 3072*m* (now sec. 274.37), applicable to this court.

Where there are timely objections made by either party to the assumption of jurisdiction by the circuit court, and it does not appear that the county court is unable to give adequate relief, it will be reversible error for the circuit court to proceed with the trial of the case.

Here the parties and the county and circuit courts all labored under a misapprehension as to the law as to jury trials. No objection was taken to the order of the county court; no objection was made to proceeding in the circuit court; a jury trial was had resulting in disagreement; and then the parties stipulated that the court should make findings based on the evidence had before the jury. This

it did.   The judgment must stand unless against the great weight or preponderance of the evidence.

We have recently stated the law quite fully as applicable to this case on the merits.   *Will of Fortner*, 188 Wis. 594, 206 N. W. 969.

We have gone over the evidence with much care and have come to the conclusion that the evidence sustains the judgment of the circuit court.   No useful purpose will be gained by discussing the evidence in detail.

The appellants raise a question as to costs taxed against them in the circuit court, and also ask that the costs in this court be paid from the estate.   No costs could be allowed the contestants in the circuit court.   Sec. 4041*a* (now sec. 324.12).   The statute indicates a legislative policy that an unsuccessful contestant of a will stands in the same position as to costs as any other defeated litigant, and this would seem good public policy.

*By the Court.*—The judgment of the circuit court is affirmed.