**In re GRAY'S ESTATE.**

**OLD NAT. BANK OF EVANSVILLE v. UNION TRUST CO. OF INDIANAPOLIS et al.**

No. 4924.

Circuit Court of Appeals, Seventh Circuit.

Aug. 1, 1933.

Rehearing Denied Oct. 4, 1933.

John D. T. Bold, of Evansville, Ind., for appellant.

Albert Ward and Fred E. Shick, both of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

We are first met with the contention on the part of appellant that the district court in issuing its instructions to the co-trustees was without jurisdiction of the subject matter. It is not contended by appellees that the trustees' petition for instructions of the court, with the answers thereto, standing alone constitute a controversy contemplated by section 24 (1) (b) of the Judicial Code, 28 USCA § 41 (1) (b). It is quite obvious that they do not constitute such a controversy, for standing alone, there is neither diversity of citizenship nor jurisdictional amount. Appellees insist, however, that the petition of Mrs. Gray and her daughter for an accounting and the removal of the trustees was within the purview of that statute, and that when it was removed from the Vanderburgh Probate Court to the District Court the jurisdiction of the latter court attached not only to the controversy there presented, but to the trust itself, and that having appointed new trustees, the federal court's jurisdiction was continuous with the life of the trust.

We think appellees' contention in this respect cannot be sustained. There is no doubt that as a general rule, federal courts may administer certain trusts and may acquire jurisdiction of certain controversies arising between non-resident heirs, legatees and beneficiaries of estates, and the administrators, executors, and trustees of those estates, even though the estates are being administered in the state courts. The rule, however, only applies to such controversies as are clearly separable from the administration of the estate without material interference in that administration by the state court, and the federal courts in the exercise of such jurisdiction have never essayed to take the future administration of the estate out of the hands of the state courts. Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867. Their policy has been not to interfere unnecessarily with the state courts in this respect. Fouvergne v. Municipality No. 2 of New Orleans, 18 How. (59 U. S.) 470, 15 L. Ed. 399; In re Broderick's Will, 21 Wall. (88 U. S.) 503, 22 L. Ed. 599. In the latter case, the court said, at page 510 of 21 Wall., 22 L. Ed. 599: " * * * One of the principal reasons assigned by the equity courts for not entertaining bills on questions of probate is, that the probate courts themselves have all the powers and machinery necessary to give full and adequate relief."

In Byers v. McAuley, supra, the Court said, at page 619 of 149 U. S., 13 S. Ct. 906, 910, 37 L. Ed. 867: "Possession of the res draws to the court having possession all controversies concerning the res. If original jurisdiction of the administration of the estates of deceased persons were in the federal court, it might, by instituting such an administration, and taking possession of the estate through an administrator appointed by it, draw to itself all controversies affecting that estate, irrespective of the citizenship of the respective parties. But it has no original jurisdiction in respect to the administration of a deceased person. It did not, in this case, assume to take possession of the estate in the first instance; and it cannot, by entertaining jurisdiction of a suit against the administrator, draw to itself the full possession of the estate, or the power of determining all claims against or to it."

In Sutton v. English, 246 U. S. 199, at page 205, 38 S. Ct. 254, 256, 62 L. Ed. 664, the Court said: " * * * Where a state, by statute or custom, gives to parties interested the right to bring an action or suit inter partes, either at law or in equity, to annul a will or to set aside the probate, the courts of the United States, where diversity of citizenship and a sufficient amount in controversy appear, can enforce the same remedy, but that this relates only to independent suits, and not to procedure merely incidental or ancillary to the probate; and, further, that questions relating to the interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate or assuming general administration, are within the jurisdiction of the federal courts where diversity of citizenship ex-

370

ists and the requisite amount is in controversy."

It is contended by appellees, however, that the suit of Mrs. Gray and her daughter was properly removed to the district court, and that at that time no other court had ever acquired or attempted to acquire jurisdiction of the trust property involved, or taken possession of it, and that upon the removal of the cause to the federal court, that court under such circumstances acquired full jurisdiction of the parties and the res which it was authorized to retain by virtue of the general rule that the court which first acquires jurisdiction of the res is permitted to retain it. We are convinced, however, that appellees are in error in assuming that the Vanderburgh Probate Court did not have jurisdiction of the res when the original cause was transferred to the federal court. Section 13470 of the Indiana statutes (Burns' Ann. St. 1926) relating to Trusts and Powers, provides that the trustee and the funds in his hands shall at all times be under the equitable control of the court having jurisdiction thereof for the preservation of the funds and carrying out the purposes of the trust; and in Thiebaud v. Dufour, 54 Ind. 320, and McCoy v. Houck, 180 Ind. 634, 99 N. E. 97, it was held that the Circuit Court of the county where a will is probated has control over a trust created by the will. Section 1786 of the Indiana statutes (Burns' Ann. St. 1926) which relates specifically to the Vanderburgh Probate Court, provides that said court within and for that county shall have original and exclusive jurisdiction in all matters pertaining to the probate of wills, the appointment of executors, administrators and trustees, and the administration and settlement of decedents' estates, and of trusts and all other probate matters.

We think it is quite clear, therefore, that at the time the estate was finally settled and the property turned over to the trustees, the state court had jurisdiction of the trust. It should have required a bond from the trustees, and reports of their administration from time to time, and its failure to do so constitutes negligence of the grossest sort; but that fact did not annul its jurisdiction, nor did it constitute a basis for federal jurisdiction. The trustees were at least acting in a de facto capacity, and as such they were under the jurisdiction of, and were responsible to the Vanderburgh Probate Court. While that court was negligent in failing to act, yet it never refused to act, and no person interested in the trust ever requested it to act until Mrs. Gray and her daughter filed their petition for an accounting and to remove the trustees. Thereupon it exercised its jurisdiction and issued a summons to the trustees requiring them to show cause why the petition should not be granted. In response to that summons the trustees appeared, raising no question as to that court's jurisdiction, but on the contrary recognizing it by filing a petition to have the cause transferred to the federal court, which petition was granted. The only issues presented by the petition of Mrs. Gray and her daughter were for a division of the money then on hand, for a general accounting of the trust funds, and to remove the trustees, and upon the removal of the cause from the probate court, the federal court granted the petition, except that it made no finding of any amount due the petitioners. We think the federal court exceeded its authority in ordering a general accounting because the issue raised by the petition was not an independent, separable action in personam.

We are also convinced that the federal court had no power to discharge the trustee or to accept his resignation or to appoint his successors or to administer the trust, for those matters were within the exclusive jurisdiction of the Vanderburgh Probate Court. The federal court never acquired jurisdiction of the trust, and it was powerless to instruct the trustees as to their duties. It is claimed by appellees that appellant admitted jurisdiction of the federal court over the original petition, and it also appears that Margaret G. Patterson now admits jurisdiction of the federal court although she first recognized jurisdiction of the probate court. However, jurisdiction of the res is not acquired by agreement of the parties.

We think the authorities upon which appellees rely do not support their contentions. They fully support the doctrine of federal jurisdiction in actions in personam where the controversy is separable from the administration of the trust, but they lend no aid to the contention that the federal court thereby acquires jurisdiction of the trust itself.

The decree of the District Court in giving instructions to the trustees is reversed, and the cause is remanded with instructions to dismiss the trustees' petition.