**WEST et al. v. FIRST FOND DU LAC NAT. BANK OF FOND DU LAC, WIS., et al.**

**No. 187.**

District Court, E. D. Wisconsin.

Feb. 6, 1940.

Weightstill Woods, Edward T. O'Brien, James Glenn Shehee, and Edward T. O'Brien, all of Chicago, Ill., for plaintiffs.

T. L. Doyle, of Fond du Lac, Wis., for defendant First Fond du Lac Nat. Bank of Fund du Lac, Wis.

Foster, McLeod & Foster, of Fond du Lac, Wis., and M. A. Jacobson, of Waukesha, Wis., for defendants Maurice E. West and DeWitt C. West.

DUFFY, District Judge.

Walter A. West, a resident of Walworth County, Wisconsin, died testate. His will was admitted to probate in the County Court of Walworth County. On June 13, 1927, that court made an order of settlement and distribution. Certain trusts were created pursuant to the will, and the defendants on June 13, 1927, were appointed trustees by said County Court of Walworth County. They qualified, and have since been acting as such trustees.

Walter A. West Jr., a son, died October 23, 1935, before attaining the age of fifty years, and left surviving him two children who are the plaintiffs herein. They sue by their mother, as general guardian.

The complaint alleges that the defendants violated their duties as trustees in various respects, especially by engaging in speculative activities. The complaint then asks "to require them to account in this court and to pay over said principal and said accumulations of said Trusts into the treasury of the court for delivery to proper Trustees, to be appointed in this proceeding by this court, who will perform said three Trusts according to their terms, from this time forward." The complaint then further alleges that the defendants have wholly failed to execute or perform any of said trusts and have wilfully failed to account therefor, and have wilfully failed and refused to distribute the income thereof to the plaintiffs; that they have shown conclusively that they are unfit and unqualified to be trustees and should be removed forthwith. The complaint further alleges that no court having a general equity jurisdiction has ever construed the will of Walter A. West, deceased. The complaint likewise asks that this court enter a final declaratory judgment under the paramount law of the United States, upon the issues of this civil controversy. The prayer also asks that the court appoint new trustees to be selected by the court to administer said three trusts, and that the court give proper directions to said new trustees.

It appears well settled under Wisconsin law that where a County Court has undertaken the administration of an estate or the probate of a will, or the administration of a trust estate set up by a will, no other court in Wisconsin may assume jurisdiction.

The Constitution of the State of Wisconsin (Article VII, Sec. 2) provides: "The judicial power of this state, both as to matters of law and equity, shall be vested in a supreme court, circuit courts, courts of probate, and in justices of the peace."

Sec. 14 of the same Article provides for the election of a judge of probate "whose jurisdiction, powers and duties shall be prescribed by law."

Chapter 86 of the Revised Statutes, 1849, provided that the County Court should have the powers and jurisdiction of Courts of Probate.

Section 253.03, Wisconsin Statutes, provides, among other things: "The jurisdiction of the county court shall extend to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased who were at the time of their decease inhabitants of or residents in the same county * * *; to all matters relating to the settlement of the estates of such deceased persons and of such minors and others under guardianship; to all cases of constructions of wills admitted to probate in such court; and to all cases of trusts and trust powers created by will admitted to probate in such court; * * *."

The Supreme Court of Wisconsin has held: " * * * it must be noted that the county court, while not a court of equity in the sense that it has general jurisdiction of actions in equity, has the same power to recognize and apply equitable rules and principles in so far as they are applicable to matters relating to the settlement of estates of decedents, that courts of equity have to apply rules of law; * * * the 'county court has full jurisdiction in law as well as in equity in respect to all matters involved in the settlement of the estates of deceased persons.'" Estate of Richardson, 223 Wis. 447, 459, 271 N.W. 56, 62, citing State ex rel. Peterson v. Circuit Court, 177 Wis. 548, 188 N.W. 645.

It must be admitted that the Supreme Court of Wisconsin did wobble considerably on the question of whether the County Court would have exclusive jurisdiction in such estate matters. In the early case of Batchelder v. Batchelder, 20 Wis. 452, at page 453, the court said: "Perhaps a court of equity, notwithstanding our statute giving county courts general jurisdiction over cases of administration, may still entertain jurisdiction over those cases, and compel the execution of trusts created by wills. But it seems to us that it is the policy of our law that a court of equity should not entertain jurisdiction where a complete, adequate and full remedy can be obtained from the county court."

In the case of Lamberton v. Pereles, 87 Wis. 449, 58 N.W. 776, 23 L.R.A. 824, the Supreme Court of Wisconsin upheld the jurisdiction of the Circuit Court to prevent diversion or dissipation of trust funds. This was followed by the case of Burnham v. Norton, 100 Wis. 8, 75 N.W. 304, which was to the same general effect. However, the court in the case of Cawker v. Dreutzer, 197 Wis. 98, 221 N.W. 401, after reviewing the rather conflicting opinions previously rendered by that court, definitely held that unless it is made to appear that the County Court before which an estate is pending cannot afford as adequate, complete, and efficient a remedy as the Circuit Court, that such Circuit Court should not assume jurisdiction to construe a will, and that to do so would be considered reversible error. This decision has not been overruled or modified, and is the law in Wisconsin today.

In the case of Connell v. Connell, 203 Wis. 545, at page 548, 234 N.W. 894, at page 895, the court said: "Until all trusts created by that will are fully administered, and the executors or trustees appointed by it are finally discharged, that county court has jurisdiction, and can afford as adequate, complete, and efficient relief as the circuit court, to compel full performance by the executors and trustees appointed by it."

■ We must therefore conclude that the County Court of Walworth County had plenary jurisdiction extending to all matters pertaining to the proper administration of the Walter A. West Estate, and that when the jurisdiction of said court attached, it became exclusive, and at least no other Wisconsin court would have any jurisdiction to interfere, or to pass upon matters relating to the trust estates.

■ Let us now consider whether a Federal Court has any jurisdiction to lift out of the hands of the County Court of Walworth County the supervision and control of a trust which was created by the terms of a will probated in that court.

The most recent expression of the United States Supreme Court is to be found in the case of Princess Lida of Thurn and Taxis v. Andrew A. Thompson, 305 U.S.

456, 59 S.Ct. 275, 280, 83 L.Ed. 285, 292. This case affirmed a decision of the Pennsylvania Supreme Court, reported in Thompson v. FitzGerald, 329 Pa. 497, 198 A. 58. In Pennsylvania the Court of Common Pleas has jurisdiction over the control, removal, and discharge of trustees, etc. In the bill as originally filed in the District Court various investments which had been made by the trustees were attacked, and the trustees were charged with mismanagement of the estate. Under the amended bill, additional investments were attacked and the court was asked to require the defendants to restore to the trust fund, moneys lost by their illegal and negligent conduct. Their removal was likewise demanded. The court says: "We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. * * * While it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case."

This is likewise true of the case at bar. There is no dispute as to the rights of the two children of Walter A. West, Jr., to participate in the trust fund. If that right were denied, undoubtedly this court would have jurisdiction to make a determination. The Supreme Court said in the last above-cited case (305 U.S. 456, 59 S.Ct. 281, 83 L.Ed. 285, 292) : "The Common Pleas Court could not effectively exercise the jurisdiction vested in it, without a substantial measure of control of the trust funds. Its proceedings are, as the court below held, quasi in rem, and the jurisdiction acquired upon the filing of the trustees' account is exclusive. The District Court for the Western District of Pennsylvania is without jurisdiction of the suit subsequently brought for the same relief, and the petitioners were

properly enjoined from further proceeding in that court."

It has likewise been held that as the authority to make wills is derived from the states and the requirement of probate is but a regulation to make a will effective, matters of strict probate are not within the jurisdiction of the courts of the United States. Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664.

Numerous cases could be cited to the general effect that Federal Courts will not interfere with proceedings in State Courts on matters of strict probate. The case most in point decided by the Circuit Court of Appeals for this Circuit is In re Gray's Estate, 66 F.2d 367. In that case the estate had been probated in Vanderburgh County, Indiana. A suit was brought against the trustees for an accounting of the trust estate and for the removal of the testamentary trustees. Upon motion of the trustees, who were residents of California, the case was removed to the United States District Court of Indiana, upon the grounds of diversity of citizenship and the requisite jurisdictional amount. The District Court accepted the resignation of the trustees, ordered an accounting and appointed new trustees. The Court of Appeals, in an opinion by Judge Sparks, referring to the Indiana Court, said (66 F.2d at page 370) :

"It should have required a bond from the trustees, and reports of their administration from time to time, and its failure to do so constitutes negligence of the grossest sort; but that fact did not annul its jurisdiction, nor did it constitute a basis for federal jurisdiction. * * * We think the federal court exceeded its authority in ordering a general accounting because the issue raised by the petition was not an independent, separable action in personam.

"We are also convinced that the federal court had no power to discharge the trustee or to accept his resignation or to appoint his successors or to administer the trust, for those matters were within the exclusive jurisdiction of the Vanderburgh Probate Court."

Upon the authority of the cases hereinbefore cited, the motions of the various defendants to dismiss this action must be granted.