**Leslie D. IGLEHEART, Jr.**

v.

**Mabel Frances IGLEHEART et al.**

**No. EV 75–83–C.**

United States District Court,
S. D. Indiana,
Evansville Division.

Oct. 16, 1975.

Thomas Lockyear, Evansville, Ind., and Friedmann, Fischman, Chikofsky, New York City, for plaintiff.

William D. Powell, Frick & Powell, Evansville, Ind., for defendants Mabel Francis Igleheart and Pan American Bank of Miami.

Merrill, Schroeder, Johnson & Evans, Evansville, Ind., for defendants National City Bank and Johnson, Trustees.

Anthony A. Balasso, Miller, Zachman & Balasso, P.A., Pompano Beach, Fla., for defendant Florida Coast Bank of Pompano Beach.

## MEMORANDUM ENTRY

NOLAND, District Judge.

For purposes of the Court's dismissal of this action, the relevant facts as hereinbelow stated are not in dispute.

The plaintiff Leslie D. Igleheart, Jr., was a beneficiary of two trusts established under the Last Will and Testament of John Giltner Igleheart, plaintiff's deceased grandfather. One of such trusts was created under Item 19 of said Will and named defendant Merchants National Bank and Trust Company of Indianapolis, Indiana (hereinafter Merchants) as Trustee for the benefit of the plaintiff. The other trust was established under Item 20 of said will and named defendants National City Bank of Evansville, Indiana (hereinafter National) and G. Eugene Johnson of Evansville, Indiana (hereinafter Johnson) as Co-Trustees for the benefit of certain beneficiaries, including the plaintiff.

Without the Court going into specific detail, the terms of said trusts provided that the plaintiff was to receive his share of the trust estate upon reaching the age of forty (40) years, which age the plaintiff reached on July 22, 1974. On March 23, 1971, however, the plaintiff executed a certain assignment to defendant Mabel Frances Igleheart, the plaintiff's sister, assigning to her his entire beneficial interest in said trusts for the sum of "Ten and No/100 Dollars ($10.00) and other good and valuable considerations." On the date the plaintiff turned forty (40) years of age, the share of the trust estate in dispute herein was worth approximately $300,000. Shortly after the assignment from plaintiff to his sister, defendant Mabel Igleheart assigned to Pompano Beach Bank and Trust Company, successor to defendant Florida Coast Bank of Pompano, Florida (hereinafter Florida), all of her interest in said trust estates, including the interest recently acquired from the plaintiff. Apparently Florida has advised the Trustees herein by letter that it no longer claims any interest in the trust estates in dispute, but no formal release of the original document from defendant Mabel Igleheart to Florida can be found. Thereafter, on or about February 10, 1973, defendant Mabel Igleheart assigned to defendant Pan American Bank of Miami, Florida (hereinafter Pan American) all of her interest in the trust estates, including the interest acquired from the plaintiff.

The plaintiff contends that his assignment to his sister, defendant Mabel Igleheart, was executed at a time when he was mentally incompetent and incapable of executing said document. The plaintiff alleges that defendants Mabel Igleheart, Florida and Pan American were aware of the plaintiff's condition and conspired to defraud the plaintiff of his interest in said trusts.

Said Will of John Giltner Igleheart establishing the trusts herein was duly admitted to probate by the Probate Division of the Vanderburgh Superior Court, Evansville, Indiana on June 8, 1959. That Court has had jurisdiction over the administration of said trusts pursuant

to Ind. Code (1971) § 30–4–6–1 (Burns' Ann.Stats. § 31–1801). On March 5, 1975, Co-Trustees National and Johnson petitioned such court under cause number A.D. 59–184 for a determination as to who is entitled to receive the portion of the trust estate established under Item 20 of the will and for the authorization to make such distribution. Interested parties were served with notice of said petition and both the plaintiff and Nancy Ellen Igleheart Ryan, the plaintiff's former wife, have filed objections to a distribution to someone other than the plaintiff. Plaintiff filed his objections on May 28, 1975, in the Probate Court, praying that the assignments made to defendants Mabel Igleheart, Florida, and Pan American, be set aside for the reasons hereinabove discussed. Nancy Ellen Igleheart Ryan objects to the proposed distribution to Pan American on the grounds that such assignments were executed as part of a conspiracy between the plaintiff and defendants Mabel Igleheart, Florida, and Pan American to prevent the plaintiff's former wife from satisfying her alimony entitlement out of the plaintiff's share of the trust estates.

The plaintiff has filed suit in this court on June 18, 1975, praying that his assignment to defendant Mabel Igleheart be set aside and the Trustees be restrained from distributing the interests in the trusts originally attributable to the plaintiff until final judgment of this court. Diversity of citizenship is the alleged basis of federal jurisdiction pursuant to 28 U.S.C. § 1332.

The defendants herein have filed various motions to dismiss, and for the reasons hereinbelow discussed this cause must be dismissed.

■ As to defendants Mabel Igleheart, Pan American, and Florida, this Court believes it lacks personal jurisdiction over them and they must be dismissed from this action. Said defendants were each served with process herein by certified mail outside of the State of Indiana. None of them reside in or are citizens of this State, and none of them have submitted to the jurisdiction of the courts of this State by doing any of the acts found in Trial Rule 4.4(A) of the Indiana Rules of Procedure, which serves as the basis for acquiring personal jurisdiction over non-residents of Indiana. *See Chulchian v. Franklin,* 392 F.Supp. 203 (S.D.Ind.1975). The plaintiff alleges that these defendants conspired to defraud him by having him execute the assignment while mentally incompetent to understand the nature of such an assignment. Neither the plaintiff nor any of said defendants were residents of Indiana at the time of the alleged conspiracy, and the execution of the assignment occurred in the State of Florida. The only contact the State of Indiana has with the alleged conspiracy is that the Trustees over the assets in dispute reside in Indiana. This is not sufficient to satisfy the prerequisites of Trial Rule 4.4(A).

■ As to defendants Merchants, National and Johnson, it is clear that this Court lacks the jurisdiction to grant the relief requested by the plaintiff against such Trustees. The law is generally settled that the federal courts do not have the power to interfere with probate proceedings or assume general jurisdiction over the administration of trust property which is properly in the custody of a competent state court. *Starr v. Rupp,* 421 F.2d 999 (6th Cir. 1970); *Grace v. Grace,* 394 F.2d 127 (2nd Cir. 1968). In the case of *In Re Gray's Estate,* 66 F.2d 367 (7th Cir. 1933) this circuit held that the federal courts may acquire jurisdiction over controversies arising between parties interested in an estate being administered in a state court only as to those controversies which are "clearly separable from the administration of the estate." 66 F.2d at 369. The Seventh Circuit recognized that possession by the state court of the *res* draws to that court all controversies concerning the *res* and stated:

". . . one of the principal reasons assigned by the equity courts for not

entertaining bills on questions of probate is, that the probate courts themselves have all the powers and machinery necessary to give full and adequate relief." 66 F.2d at 369.

*See also West v. First Fond Du Lac National Bank,* 31 F.Supp. 169 (E.D.Wis. 1940). This Court believes that while it would have the power to hear the controversy involving the alleged conspiracy if it had personal jurisdiction over the defendants involved, it has no power to assume jurisdiction over the Trustees presently under the proper supervision of the Probate Division of the Vanderburgh Superior Court. To restrain said Trustees from distributing the assets of the trusts in dispute herein would be an improper infringement upon the administration of an estate properly under the jurisdiction of a competent state court.

■ Additionally, despite the jurisdictional problems present herein, the law is well-settled that a federal court, in its discretion, has the power to withhold action on a case in deference to the determination of a state court. *See e. g., Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Applegate v. Devitt,* 509 F.2d 106 (8th Cir. 1975); *Aetna State Bank v. Altheimer,* 430 F.2d 750 (7th Cir. 1970); Annot., Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1970). Comity between state and federal courts is the essential consideration involved and many factors are recognized by the courts in determining whether to defer to the action of a state court. It is apparent that in the case at bar (a) the Probate Division of the Vanderburgh Superior Court is competent to decide the merits of the plaintiff's allegations. See *Kaiser Steel Corp. v. W. S. Ranch Co.,* 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed. 835 (1968); (b) all of the interested parties to this dispute have filed responses to the petition for distribution filed in the Probate Court and may be heard thereon, while Nancy Ellen Igleheart Ryan is not

even a party to the federal proceeding. See *Thompson v. Boyle,* 417 F.2d 1041 (5th Cir. 1969), *cert. denied* 397 U.S. 972, 90 S.Ct. 1088, 25 L.Ed.2d 266 (1970); (c) the state court has jurisdiction over the trust *res* and, as a result, this Court would not have the power to order any distribution thereof by the Trustees. See, *Martin v. Martin,* 210 F.Supp. 776 (S.D.N.Y.1962); (d) the state court has been previously involved in the administration of these trusts and normally the court first acquiring jurisdiction should proceed without interference from a court of another jurisdiction. See, *Kline v. Burke Construction Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); (e) the same factual and legal issues arising out of the alleged conspiracy pending before this Court are pending before the state court. See *Aetna State Bank, supra;* and (f) it is likely there will be a more prompt resolution of the merits of the dispute in the probate court. See *Nigro v. Blumberg,* 373 F.Supp. 1206 (E.D.Pa.1974).

■ This Court has no desire to interfere with proceedings properly before the Probate Division of the Vanderburgh Superior Court. To protect against duplicative actions and promote judicial efficiency the Court would stay any resolution of the merits of the plaintiff's allegations pending the conclusion of the State proceedings, were it not for the other jurisdictional problems above discussed. In the case of *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) the Supreme Court recognized that it would be uneconomical and vexatious for a federal court to proceed in a case where another action was pending in a state court presenting the same issues governed by State law involving the same parties.

Based on the above authority and in light of the fact the plaintiff has failed to file a response to the defendants' motions, this Court must dismiss this action for the reasons hereinabove discussed.