655 F.2d 105
 Eleanor P. ASHLEY, as Personal Representative of the Estate
of Charles D. Ashley, Plaintiff-Appellee,
v.
Cecil D. ANDRUS,* Secretary of the United States
Department of the Interior, Defendant-Appellant.
 No. 80-1753.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 10, 1981.
Decided July 27, 1981.
 
 Robert B. Schaefer, Dept. of Justice, Washington, D. C., for defendant-appellant.
 Scott W. Hansen, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for plaintiff-appellee.
 Before PELL, Circuit Judge, MARKEY, Chief Judge,** and WOOD, Circuit Judge.
 HARLINGTON WOOD, Jr., Circuit Judge.
 
 
 1
 The Secretary of the United States Department of the Interior appeals the district court's reversal of the Secretary's retroactive disqualification of an oil and gas lease secured in the Interior's lottery by Eleanor Ashley, as personal representative of the Estate of Charles D. Ashley. Mr. Ashley died February 8, 1978. Mrs. Ashley, acting as the personal representative of the estate, subsequently signed a modification to a service agreement previously executed between Mr. Ashley and an oil and gas lottery service. The service, on April 21, 1978, properly submitted a card for one parcel, bearing the signature of Mr. Ashley, to the Montana State Office of the Bureau of Land Management ("BLM") of the Department of the Interior. The card was selected first in the May 4, 1978 drawing. The BLM rejected the offer because the pertinent regulations did not provide for filing applications in the name of deceased individuals. Upon appeal, the Interior Board of Land Appeals ("IBLA") affirmed the BLM determination that the offer was invalid since the offeror, Mr. Ashley, was deceased at the time of filing and therefore there existed no qualified applicant. Mrs. Ashley then commenced an action in the district court challenging the Secretary's retroactive disqualification of the offer. The district court, in granting Mrs. Ashley's motion for summary judgment, Ashley v. Andrus, 486 F.Supp. 1319 (E.D.Wis.1980), held that: (1) where Mrs. Ashley acted as the personal representative of Charles Ashley's estate and in effect adopted her decedent's signature, she and the estate were bound to the lease; and (2) since she had sufficiently complied with the pertinent regulations then in effect, she was entitled to hold the lease. We are in accord with the reasoning and conclusions set forth in Judge Warren's memorandum and order, which we adopt as our own, but we confine that decision to its specific facts. For the reasons stated therein (486 F.Supp. at 1320-23), as well as for the additional reasons which follow, the grant of Mrs. Ashley's motion for summary judgment is affirmed.
 
 I.
 
 2
 On appeal, the Secretary contends, inter alia, that the offer is invalid for failure to properly identify the parties in interest in the offer as required by 43 C.F.R. § 3102.7 (1977). This section entitled "Showing as to sole party in interest," requires the offeror to affirm that he or she is the sole party in interest in both the offer and the lease, if issued. If not, the offeror must set forth the names of the other interested parties who must also sign a separate statement detailing the nature and extent of their respective interests. This statement must be filed within fifteen days of the initial filing of the lease offer. The purpose of this disclosure requirement is, in part, to insure that no offeror or "interested" party may conspire to increase their probability of winning. See 43 C.F.R. § 3100.0-5(b) (1977). The Secretary argues that Section 3102.7 was violated by Mrs. Ashley's failure to timely identify her interest as well as the nature and extent of the interests of the estate's beneficiaries. The Secretary says that strict compliance with the regulation alleviates the additional burden and potential confusion attendant with establishing those qualifications after the fact and also serves to prevent fraud or unfair manipulation of the lottery system by requiring the offeror to identify the real parties interested in the offer at or near the time the offer is made. Thus, he urges that the lease should not issue to Mrs. Ashley as personal representative.
 
 
 3
 This argument must fail. The only Interior regulation expressly or impliedly regulating participation by estates at the time of Ashley's offer was 43 C.F.R. § 3102.8 (1977), entitled, "Heirs and devisees (estates)." This section is the most closely analogous regulation governing Mrs. Ashley's offer and only required, with no time limits, where probate had not yet been completed, the filing of additional supplemental statements and data concerning the beneficiaries. It is undisputed in the record that Mrs. Ashley and the beneficiaries fully complied with these requirements on July 21, 1978, months prior to the initial decision of the IBLA. Therefore, the spirit of the Secretary's disclosure requirements had been satisfied. Compare A. M. Shaffer, 73 I.D. 293, 300-01 (1966). No provision within Section 3102.7 expressly referred to estates or personal representatives, nor mandated explicit identification of an estate's beneficiaries. Accordingly, it was reasonable, as the record evidence shows, for Mrs. Ashley to follow the guidance of Section 3102.8 rather than that of Section 3102.7.
 
 
 4
 This conclusion is supported by the uncertainty as to whether beneficiaries are in fact classifiable as "interested" parties within the meaning of Section 3102.7. Even if Mrs. Ashley had been required to comply with this section, she might not have been required to identify any beneficiary.[1] See C.F.R. § 3100.0-5(b). While we need not resolve this issue, its reference further exemplifies the ambiguity of the regulations then in effect.
 
 
 5
 In sum, we hold that these regulations and their related applicability to Mrs. Ashley, as personal representative, were sufficiently unclear so as to render the Secretary's denial patently unfair.[2] Mrs. Ashley proceeded reasonably in light of the uncertainties.
 
 II.
 
 6
 We must, however, confine the applicability of our decision to the specific facts herein. Adoption of a decedent's signature was only proper here where the regulations were ambiguous and where it was reasonable for Mrs. Ashley to assume that her actions were acceptable in light of 43 C.F.R. § 3102.8. Otherwise, signature adoption would have been improper. Moreover, the inconsistencies which existed between 43 C.F.R. §§ 3102.7 and 3102.8 as applied to these facts alone and in light of the ambiguity as to each section's applicability to estates and beneficiaries required us to determine which section would be the reasonable selection for compliance. In the usual case, both sections must remain completely applicable. Given that the pertinent regulations have been subsequently modified to correct these ambiguities[3] and that the related Interior oil and gas pamphlet has been updated accordingly, we trust that the issues here will not arise again.
 
 
 7
 Affirmed.
 
 
 
 *
 We substitute James G. Watt, the successor to the original defendant, Cecil D. Andrus, as Secretary of the United States Department of the Interior, pursuant to Fed.R.App.P. 43(c)
 
 
 **
 The Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation
 
 
 [1]
 Under Wisconsin law, the personal representative, pending completion of probate, appears to be the legal owner of the property of the decedent. See State ex rel. Peterson v. Circuit Court of La Crosse County, 177 Wis. 548, 188 N.W. 645, 647 (1922)
 
 
 [2]
 We note that the record is void of any indicia of fraud or unfair manipulation by the real parties in interest to the offer. Further, no sufficient administrative inconvenience has been proven, as other timeliness limitations were expressly omitted from certain filing requirements for trustees, guardians and estates respectively. See 43 C.F.R. §§ 3102.5-1 and 3102.8 (1977). There has also been no showing that any beneficiary or that Mrs. Ashley herself had conspired to increase their probability of winning
 
 
 [3]
 See 45 Fed.Reg. 35156-35165 (May 23, 1980)