Charles R. CHULCHIAN and
Deloris F. Chulchian

v.

George E. FRANKLIN, Jr., et al.

No. IP 74–499–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

April 4, 1975.

James E. Rocap, Jr., Rocap, Rocap, Reese & Young, Indianapolis, Ind., for defendants.

Charles R. Chulchian and Deloris F. Chulchian, pro se.

## MEMORANDUM ENTRY

NOLAND, District Judge.

This cause is before the court upon the defendants' motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

The plaintiffs contend they are citizens of the State of Indiana and bring this action against the defendants, who are allegedly citizens of the State of Nevada. Jurisdiction over the subject matter of this action is based on diversity of citizenship. 28 U.S.C. § 1332.

The plaintiffs allege in their complaint that on or about September 18, 1968 defendant George E. Franklin, Jr., while acting as the Las Vegas, Nevada District Attorney, authorized and caused to be instituted first-degree kidnapping charges against the plaintiffs. Plaintiffs further contend that arrest warrants on said charges were issued by defendants Roy A. Woofter and Joseph S. Pavlikowski, who were Justices of the Peace for the State of Nevada during 1968. Plaintiffs allege that said charges and warrants led to their subsequent arrest and incarceration on February 19, 1971 in the city of Muncie, Indiana. Plaintiffs contend that such charges were issued and instituted by the defendants without probable cause or proper authority and that the defendants abused the powers of their offices so as to harass and intimidate the plaintiffs. Plaintiffs filed their complaint in this court seeking damages in a substantial sum. The defendants were personally

served with service of process by a United States Marshal in the State of Nevada.

Defendants contend in their motion to dismiss that they have not had sufficient contact with the State of Indiana so as to be subject to the jurisdiction of this court.

█ The Supreme Court of the United States has held that in order for a state to properly acquire jurisdiction over a party who is not within its geographic boundaries, it is necessary for that party to have had some minimum contact with the state " . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L. Ed. 95 (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940). *See also,* Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 2d 1283 (1958) and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1955). Similarly, Judge Beamer pointed out in the case of Milosavljevic v. Brooks, 55 F.R.D. 543 (N.D.Ind.1972), "A state cannot authorize courts to affect a person's interests without a rational basis for the exercise of judicial power consisting of a relation of the parties and the subject matter of the action to the state in some significant way." *Id.* at 547. However, it is not necessary for this court to decide whether the conduct of the defendants herein and their relationship to this state is sufficient to satisfy the above requirements. While persuasive arguments pro and con could be anticipated concerning that question, initially there must exist a basis of personal jurisdiction over the defendants under the Federal Rules of Civil Procedure before this court has the power to hear the plaintiffs' claim.

Under Rule 4(f) of the Federal Rules of Civil Procedure this court may effect service of process on a party, and thereby acquire personal jurisdiction over him, only within the geographical territory of the State of Indiana. Additionally, however, Rule 4(e) provides for the use of state statutes or court rules to effect the service of process on a party not a resident of the state in which the district court sits. 4 C. Wright & A. Miller, Federal Practice and Procedure §§ 1112–1113; 2 Moore's Federal Practice ¶ 4.32. The Indiana statute to be applied to obtain personal jurisdiction over a non-resident defendant is Trial Rule 4.4 of the Indiana Rules of Procedure. That rule, as is relevant to this action, provides as follows:

"(A) *Acts serving as a basis for jurisdiction.* Any person or organization that is a non-resident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

(4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

(5) owning, using, or possessing any real property or an interest in real property in this state;

(6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state."

Recent cases have stated that Trial Rule 4.4 has extended the *in personam* jurisdiction of the courts of this state to the limits permissible under the due process clause of the Fourteenth Amendment. *See*, Valdez v. Ford, Bacon and Davis, Texas, Inc., 62 F.R.D. 7 (N.D. Ind.1974) and Byrd v. Whitestone Publications, Inc., 27 Ind.Dec. 617 (S.D.Ind. 1971). However, before the courts of this state may acquire personal jurisdiction over a non-resident defendant, such defendant must have submitted to the jurisdiction of the courts of this state by doing one of the acts found in Trial Rule 4.4 that serve as the basis for jurisdiction. While the Indiana "long-arm" statute greatly expands the power of courts sitting in this state to acquire personal jurisdiction over a defendant, the legislature has limited such power to claims arising out of one of the seven acts enumerated in this statute. *Cf*. Neill v. Ridner, Ind.App., 286 N.E.2d 427 (1972).

Unless it can be determined that the plaintiffs' claim herein arises from an act of the defendants which is among those enumerated in Trial Rule 4.4(A) this court must dismiss said claim for lack of personal jurisdiction over the defendants.

Of the seven acts which may serve as a basis for jurisdiction under the statute, only the first three could arguably encompass the conduct of the defendants complained of by the plaintiffs. As to subsection (A)(1), this court does not believe that the draftsmen of this statute intended the phrase "doing any business in this state" to include the authorization and issuance of criminal charges in the State of Nevada by Nevada public officials. There is no showing that the defendants herein were attempting to realize economic gain or benefit in this state by instituting criminal charges against the plaintiffs in Nevada. *See* 1 Harvey, Indiana Practice 308–9.

As to subsection (A)(2), it is clear that the defendants are not subject to the jurisdiction of this court based on that provision since the acts of the defendants did not occur "within this state". The acts complained of by the plaintiffs occurred in the State of Nevada.

As to subsection (A)(3), while it is proper for the plaintiffs to claim they suffered injury in this state by reason of the defendants' acts done outside this state, the subsection's other requirement that the defendants must either be engaged in regular solicitation or service activities within this state or derive substantial revenue or benefit from their activities in this state has to be satisfied as well. 1 Harvey, Indiana Practice 310. The defendants' conduct herein clearly does not satisfy this latter requirement and, therefore, they have not submitted to the jurisdiction of the courts of this state under (A)(3).

■ The power of this court to acquire personal jurisdiction over the defendants herein exists only to the extent authorized by Congress and the Indiana legislature. 4 C. Wright & A. Miller, Federal Practice and Procedure, §§ 1068–1069. Since the plaintiffs' claim does not arise out of the commission by the defendants of any of the acts enumerated under the Indiana "long-arm" statute, and that statute prescribes the basis for acquiring jurisdiction over non-residents of this state, this court is without the power to hear the plaintiffs' claim. This cause is hereby dismissed for lack of personal jurisdiction over the defendants.