[Civ. No. 18503. Third Dist. Feb. 11, 1981.]

INDIANA INSURANCE COMPANY, Plaintiff and Appellant, v. ELDON D. PETTIGREW, Defendant and Respondent.

**COUNSEL**

Dopkins & Braunstein and Jerrold B. Braunstein for Plaintiff and Appellant.

Virga & Lyons, William M. Lyons and Leslie Louis Leonard for Defendant and Respondent.

OPINION

**EVANS, Acting P. J.**—Indiana Insurance Company (Company) appeals an order which denied recognition of an Indiana judgment and quashed a previously issued writ of execution against the property of the judgment debtor, defendant Eldon Pettigrew. The Indiana judgment was attacked as void due to lack of personal jurisdiction over Eldon.

In 1974, defendant's minor son, Michael, was involved in a multiple car collision in Indiana while driving a car owned by defendant; he had not provided automobile insurance coverage for Michael. After settling the claims of its insureds involved in the accident, Company, under the subrogation provisions of the insurance agreement instituted an action against Michael and defendant in Indiana. At all relevant times defendant and his son were California residents. The complaint alleged negligence by Michael and further asserts liability on defendant as follows: "That the Defendant, Eldon ... was the owner of the motor vehicle driven by the Defendant, Michael ... and is made a Defendant in this action by reason of the fact that Michael ... was a minor under the age of eighteen (18) years at the time of the accident herein mentioned, and said Eldon ... is responsible for the operation of the automobile by said Michael ...." Both Michael and Eldon were served by certified mail, but defaulted in the Indiana action. Company then attempted to enforce the Indiana judgment[1] in California under the Sister State Money Judgments Act. (Code Civ. Proc., § 1710.10 et seq.) The California court refused recognition of the Indiana judgment.

■ A valid final judgment of a sister state must be afforded full faith and credit in California. (U.S. Const., art. IV, § 1.) However, a defendant in an action to enforce a default foreign judgment has the right to show that judgment is an excess of jurisdiction if that issue was not litigated in the foreign state. (*Donel, Inc.* v. *Badalian* (1978) 87 Cal.App.3d 327, 331-332 [150 Cal.Rptr. 855]; *McGuire* v. *Brightman* (1978) 79 Cal.App.3d 776, 782 [145 Cal.Rptr. 256].)

There are no factual issues. ■ The question presented is one of law, that is, whether the Indiana court had in personam jurisdiction over defendant, a nonresident. Resolution of that question involves a dual inquiry. First, it must be ascertained whether the foreign state, Indiana, has by statute provided for the assertion of jurisdiction in the context of the situation presented. If so, then it must then be deter-

---

[1]The amount of the default judgment was $17,152.45.

mined whether that assertion of jurisdiction is constitutionally permissible. (*McGuire* v. *Brightman, supra*, at p. 784, citing *Rebozo* v. *Washington Post Company* (5th Cir. 1975) 515 F.2d 1208, 1211.)

Indiana does have a nonresident motorist statute which provides for jurisdiction only over the nonresident operator or "his duly authorized agent;"[2] by contrast, California has provided in Vehicle Code section 17451 for extension of jurisdiction over the owner who merely extends permission to operate in this state to another driver.

Although the language of the Indiana statute contains some limitations, jurisdiction was properly extended by the nonresident statute over defendant. More than his mere ownership or permission to operate is involved; he was the signatory on his minor son's license as required by Vehicle Code section 17707. That section provides, "Any civil liability of a minor arising out of his driving a motor vehicle upon a highway during his minority is hereby imposed upon the person who signed and verified the application of the minor for a license and the person shall be jointly and severally liable with the minor for any damages proximately resulting from the negligent or wrongful act or omission of the minor in driving a motor vehicle, except that an employer signing the applications shall be subject to the provisions of this section only if an unrestricted driver's license has been issued to the minor pursuant to the employer's written authorization." The language of the section by creating a vicarious liability suffices to create a limited type of "agency" to satisfy the extension of jurisdiction over defendant pursuant to

---

[2] "The operation by a nonresident, . . . by his duly authorized agent, of a motor vehicle upon a public street or highway or any other place within this state shall be deemed equivalent to an appointment by such person of the secretary of state, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which such person may be involved while so operating or so permitting to be operated a motor vehicle on any such street or highway, or any other place within this state and such operation shall be signification of his agreement that any such process against him, which is so served, shall be of the same legal force and validity as if served upon him personally. Such appointment of the secretary of state shall be irrevocable and binding upon his executor or administrator. The action may be filed in the county of the residence of the plaintiff or in the county where the accident or collision occurred, at the election of the plaintiff, and service of such process shall be made by leaving a copy thereof, with a fee of two dollars [$2.00], for such defendant to be served, with the secretary of state, or in his office, and such service shall be sufficient service upon such person provided that notice of such service and a copy of the process are forthwith sent by registered mail to the defendant, and the defendant's return receipt is appended to the original process and filed therewith in the court. . . ." (Ind. Code of 1971, § 9-3-2-1.)

the Indiana nonresident motorist law. Defendant's liability clearly is a vicarious one created by statute. As such, it must be limited by the express language of the act. Vehicle Code section 17709 contains such limitations and confines the extent of defendant's responsibility to the sum of "fifteen thousand dollars ($15,000) for injury to or death of one person as a result of any one accident or, subject to the limit as to one person, exceeding thirty thousand dollars ($30,000) for injury to or death of all persons as a result of any one accident or exceeding five thousand dollars ($5,000) for damage to property of others as a result of any one accident."

The policy of this state toward operation of motor vehicles upon its highways by nonresident motorists was clearly articulated in *Hall* v. *University of Nevada* (1972) 8 Cal.3d 522, 525-526 [105 Cal.Rptr. 355, 503 P.2d 1363, 81 A.L.R.3d 1234]. "This court has repeatedly emphasized that this state and its residents and taxpayers have a substantial interest in providing a forum where a resident may seek whatever redress is due him. (*Buckeye Boiler Co.* v. *Superior Court*, 71 Cal.2d 893, 899, 906 [80 Cal.Rptr. 113, 458 P.2d 57]; *Fisher Governor Co.* v. *Superior Court*, 53 Cal.2d 222, 225 [1 Cal.Rptr. 1, 347 P.2d 1].) The state also has an interest from the point of view of the orderly administration of the laws in assuming jurisdiction in cases where most of the evidence is within its borders and where a refusal to take jurisdiction may result in multiple litigation. [Fn. omitted.] (*Id.*) The presence of the evidence and witnesses in California could, of course, mean that plaintiffs if not permitted to proceed in California could find themselves seriously hampered in proving their case elsewhere."

The converse is equally true; residents of sister states and those states are equally interested in providing a forum where their residents may seek redress against nonresidents. The terms of Vehicle Code section 17707 extend a vicarious liability to the signatory of a minor's license application for damage caused by the minor while operating a motor vehicle; we cannot assume that vicarious liability was intended to extend only to California residents injured by the minor. Such a decision would constitute an act of absolute paternalism. The Indiana nonresident motorist statute does apply in the present factual and legal context.

Our second inquiry then is whether Indiana's assertion of jurisdiction over defendant comports with the constitutional standards of due process established by *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S.

310, 320, [90 L.Ed. 95, 104, 66 S.Ct. 154, 161 A.L.R. 1057], and its progeny. The well-established test of a constitutionally sufficient basis for assertion of jurisdiction over a nonresident defendant is whether his activities amount to such minimum contacts with the state that maintenance of the action does not offend traditional standards of fair play and substantial justice. (*Ibid.*)

Here, that standard is satisfied. The collision occurred in Indiana, and although defendant was not physically present in Indiana, he permitted a car owned by him to be driven in Indiana by his uninsured son and agreed to a statutory vicarious liability for damage caused by the minor while operating a motor vehicle. In engaging in these activities, defendant vicariously participated in the operation of his automobile by his son in Indiana. Moreover, as does California, Indiana has a substantial interest in preventing uncompensated injury and property damage upon its highways. Defendant's contacts with Indiana were constitutionally sufficient.

Moreover, jurisdiction was properly asserted over defendant under the general Indiana long-arm statute. It provides in part, "Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

"(1) . . . . . . . . . . . . . . .

"(2) causing personal injury or property damage by an act or omission done within this state;

"(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state. . . ." (Ind. Rules of Civ. Proc., trial rule 4.4, subd. (A)(2) and (3).)

The Indiana law, unlike California, reveals that the Indiana Legislature has not by statute conferred the power upon the state to exercise its jurisdiction to the very fullest extent which would be constitutionally permissible. (See *Chulchian* v. *Franklin* (S.D. Ind. 1975) 392 F.Supp. 203, 205; *Igleheart* v. *Igleheart* (S.D. Ind. 1975) 402 F.Supp. 1, 3.)

However, despite those cases where the nexus between Indiana and the acts forming the basis of the action were too remote to come within the provisions of the Indiana statute, the undisputed general effect of the statute, as recently interpreted, is to greatly expand the power of Indiana courts to acquire jurisdiction over a nonresident defendant. (*Chulchian* v. *Franklin, supra*, 392 F.Supp. at p. 205; *City of Evansville, Ind.* v. *Ky. Liquid Recycling* (7th Cir. 1979) 604 F.2d 1008, 1020-1021; *Valdez* v. *Ford, Bacon and Davis, Texas, Inc.* (N.D. Ind 1974) 62 F.R.D. 7, 9-14; *Byrd* v. *Whitestone Publications, Inc.* (S.D. Ind. 1971) 27 Ind. Dec. 617, 619-620.)

We fail to find any existing Indiana decisional law construing the provisions of Indiana Rules of Civil Procedure, trial rule 4.4, subdivision (A)(2). (See *City of Evansville, Ind.* v. *Ky. Liquid Recycling, supra*, 604 F.2d at pp. 1020-1021.) However, in keeping with the obvious and modern trend toward interpreting the long-arm statute to confer upon the state the power to assert jurisdiction nearly to the limit permitted by the Constitution, we think a broad interpretation is warranted. Although defendant argues that giving his son permission to drive his car was an act which occurred in California and not in Indiana, and should be limited to acts occurring in California, a fair interpretation of the Indiana statute requires its extension to this case. The collision occurred in Indiana; defendant owned the car and agreed to be responsible for the acts of his minor son (Veh. Code, § 17707), and permitted it to be taken to Indiana by his son. These acts suffice as an act "causing personal injury and property damage" within Indiana. (Ind. Rules of Civ. Proc., trial rule 4.4, subd. (A)(2).)

The order denying entry of the Indiana judgment and quashing the previously issued writ of execution is reversed, and the cause remanded to the trial court for further proceedings consistent with the views expressed herein.

Blease, J., and Wolters, J.,* concurred.

A petition for a rehearing was denied March 9, 1981, and respondent's petition for a hearing by the Supreme Court was denied April 22, 1981.

---

*Assigned by the Chairperson of the Judicial Council.