[No. C029754. Third Dist. Dec. 22, 1999.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS
ASSOCIATION, Plaintiff and Respondent, v.
RENE JENNETT, Defendant and Appellant.

**COUNSEL**

Law Office of Martin Glickfeld and Martin Glickfeld for Defendant and Appellant.

Sawamura, Nishimi & Chu, Lyle R. Nishimi; Linda B. Reed; Ullar Vitsut; and John M. Redmond for Plaintiff and Respondent.

## OPINION

**KOLKEY, J.**—This is an appeal from an order denying a motion to vacate a California judgment based on a sister state money judgment in favor of plaintiff, Bank of America National Trust and Savings Association (the Bank), and against defendant Rene Jennett (Jennett).

Jennett's sole contention on appeal is that the sister state judgment—a deficiency judgment resulting from a foreclosure action in Hawaii—cannot be enforced against him because the judgment was taken by default following service by publication pursuant to Hawaii Revised Statutes section 634-23, subdivision (4). He argues that that particular statutory subdivision precludes the imposition of a deficiency judgment against a nonresident served by publication. The Bank contends, on the other hand, that the Hawaii action is not governed by that statute, but instead by Hawaii Revised Statutes sections 634-35 and 634-36, which do not impose any such limitation.

As we shall explain, because the Hawaii court had jurisdiction over the subject matter and the parties in the underlying action, the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, § 1) does not allow us—a California court—to enter into the quagmire of a sister state's statutory construction to determine that which the sister state's courts are more competent to decide. As long as a sister state court has jurisdiction over the subject matter and the parties, a sister state default judgment, purportedly based on a misapprehension of law, is entitled to full faith and credit. Accordingly, we shall affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORY

#### The Hawaii Action

Jennett is—and at all material times was—a California resident. Prior to the events giving rise to this proceeding, he owned a parcel of real property in Kailua-Kona, Hawaii (the property), which had a coffee processing facility on it.

In March 1989, Jennett refinanced the property in pursuant to a loan that he had obtained from the Bank's predecessor in interest, HonFed Bank, in the principal amount of $300,000. The loan was intended to raise capital for

the company which leased the property (and of which Jennett was the principal). As security for the loan, Jennett executed a mortgage on the property, which provided that in the event Jennett failed to repay the loan, the Bank could sell the property, and if the sale proceeds proved insufficient to cover the indebtedness, the Bank could seek a judgment against Jennett for the deficiency.

Jennett subsequently defaulted on his loan obligations. In October 1993, the Bank filed a complaint against Jennett in the Hawaii First Circuit Court for foreclosure on the property (the Hawaii action).

After two unsuccessful attempts to serve Jennett with the complaint and summons, the Bank moved for an order for service by publication pursuant to Hawaii Revised Statutes sections 634-35[1] and 634-36.[2] The Bank's

---

[1]Hawaii Revised Statutes section 634-35 states:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, the person's personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts:

"(1) The transaction of any business within this State;

"(2) The commission of a tortious act within this State;

"(3) The ownership, use, or possession of any real estate situated in this State;

"(4) Contracting to insure any person, property, or risk located within this State at the time of contracting.

"(b) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made as provided by [Hawaii Revised Statutes] section 634-36, if the person cannot be found in the State, with the same force and effect as though summons had been personally served within this State.

"(c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over the defendant is based upon this section.

"(d) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

[2]Hawaii Revised Statutes section 634-36 states:

"When service of summons is provided for by section 634-33, 634-34, or 634-35, service shall be made by service upon the defendant personally by any person authorized to serve process in the place in which the defendant may be found or appointed by the court for the purpose, or sent by certified, registered, or express mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or the plaintiff's attorney shall file the return of the serving officer or an affidavit showing that the copy of summons and complaint were served as aforesaid or sent by certified, registered, or express mail as aforesaid, and in the latter case the return receipt signed by the defendant shall be filed with the affidavit. The service shall be complete upon delivery of the required papers to the defendant outside the State, personally or by mail as provided.

"If the defendant cannot be found to serve or mail the summons and the facts shall appear by affidavit or otherwise to the satisfaction of the court, it may order that service be made by publication of summons in at least one newspaper published in the State and having a general circulation in the circuit in which the action has been instituted, in such manner and for such time as the court may order, but not less than once each week in four successive weeks, the

motion was supported by an affidavit stating that the Bank had mailed a copy of the complaint and summons to Jennett by certified mail to his address in Millbrae, California—the address to which the mortgage directed all notices—and to a forwarding address in Burlingame, California. According to the affidavit, both mailings were returned unclaimed, postal authorities in Burlingame did not have a forwarding address for Jennett, and calls to directory assistance in Millbrae and Burlingame revealed no listings for Jennett. Service by publication was ordered.[3]

Jennett made no appearance in the Hawaii action, and the Hawaii court entered his default. The Bank obtained a decree of foreclosure, and in January 1995, it obtained a deficiency judgment against Jennett in the amount of $148,182.12.

### The Instant Action ·

In June 1996, the Bank filed an application in the Butte County Superior Court for entry of judgment on a sister state judgment pursuant to Code of Civil Procedure section 1710.15. The judgment was entered on June 10, 1996, in the amount of $172,330.22[4] (the California judgment). Jennett was served with the notice of entry of the California judgment at his Oroville residence two months later.

Jennett took two actions in response. In the Hawaii action, he moved to vacate the deficiency judgment on the ground that there was no foundation for the order permitting service by publication.

At the same time, Jennett sought to vacate and stay enforcement of the California judgment (Code Civ. Proc., §§ 1710.40, 1710.50) on the grounds that (1) he had not received notice of the Hawaii action and thus did not have a full and fair opportunity to defend himself there, and (2) the deficiency judgment in the Hawaii action was not yet final, in light of his pending motion to set it aside. The California trial court granted Jennett's request for a stay of enforcement pending completion of the proceedings in the Hawaii action. Ultimately, however, the Hawaii First Circuit Court denied his motion to set aside the deficiency judgment, and the Hawaii Supreme Court summarily affirmed the denial.

After the Hawaii Supreme Court affirmed the denial, the Bank moved in the instant action to vacate the stay of enforcement.

last publication to be not less than twenty-one days prior to the return date stated therein unless a different time is prescribed by order of the court."

[3] The court ordered that notice of the action be published in the Honolulu Advertiser and further ordered "that additional notice be made by posting of the summons on the real property involved."

[4] This sum represented the unpaid Hawaii judgment plus $23,966.08 in accrued interest, and a filing fee.

Jennett opposed the Bank's motion on the ground that the Hawaii court had failed to establish the requisite personal jurisdiction over him before entering the deficiency judgment. He also moved to vacate the California judgment on the ground he raises on appeal: that Hawaii Revised Statutes section 634-23, subdivision (4) precluded the imposition of a deficiency judgment against a nonresident "served by publication pursuant to [that] section."

The trial court found that the deficiency judgment was legally authorized, reasoning that service in the Hawaii action was not made pursuant to section 634-23 since the Bank's application for the order permitting service by publication was made pursuant to Hawaii Revised Statutes sections 634-35 and 634-36. Finding that Jennett "ha[d] not shown that the Hawaii court acted without fundamental jurisdiction or in excess of jurisdiction," the court denied his motion to vacate the California judgment.

### DISCUSSION

 Citing Hawaii Revised Statutes section 634-23, Jennett's sole contention on appeal is that Hawaii law does not "permit a deficiency judgment in a foreclosure action against a non-resident who is served by publication and does not appear and defend on the merits."

Hawaii Revised Statutes section 634-23, subdivision (4) provides in its relevant part that "[a]ny adjudication shall, as regards a defendant served by publication pursuant to this section . . . , affect only the property, status or res which is the subject of the action, unless (A) the defendant appears in the action and defends on the merits, in which case the defendant shall be liable to a personal judgment . . . including in the case of a foreclosure action a deficiency judgment, or (B) the service is authorized by section 634-25 or other provision of law, in which case the defendant shall be liable to any judgment authorized by such law."[5]

---

[5]Hawaii Revised Statutes section 634-23 provides:

"Where an action or proceeding involves or concerns any property, tangible or intangible, within the jurisdiction of a circuit court, or any legal or equitable estate, right or interest, vested or contingent, in any such property, or any status or res within the jurisdiction of a circuit court:

"(1) Any person having a claim, interest or concern so as to be a necessary or proper party, who cannot be identified or whose name is unknown to the plaintiff, may be made party to the action or proceeding as provided by the rules of court.

"(2) If a defendant is unknown or does not reside within the State or if, after due diligence, the defendant cannot be served with process within the State, and the facts shall appear by affidavit to the satisfaction of the court, it may order that service be made as provided by section 634-24 or by publication, as may be appropriate; provided that service by publication

The Bank responds that the trial court correctly found that service by publication in the Hawaii action was not accomplished under Hawaii Revised Statutes section 634-23, but instead pursuant to Hawaii's long-arm statute, Hawaii Revised Statutes section 634-35,[6] and its related statute regarding the manner of service, section 634-36.[7] Neither of those statutes limits the court's right to enter a deficiency judgment, although they cannot be easily reconciled with section 634-23. However, the Bank argues that the restriction on the right to deficiency judgments under section 634-23, subdivision (4) makes an exception for actions where service is authorized by "other provision of law."

As we shall explain, the limited nature of our review from the denial of a motion to vacate a judgment based on a sister state judgment does not permit us to determine which of the two competing Hawaii statutory provisions governs. As long as the sister state court had jurisdiction over the subject matter and the parties, it would offend the full faith and credit clause (U.S. Const., art. IV, § 1) for a California court to trespass into the brier patch of a sister state's statutory construction to determine whether its court entered a deficiency judgment on the basis of a proper reading of its own law. Instead, our inquiry is limited to whether the sister state's court had jurisdiction over the parties and the subject matter. Since we conclude that it did, we must give full faith and credit to the sister state judgment.

---

shall not be valid unless, it is shown to the satisfaction of the court that service cannot be made as provided by section 634-24. The affidavit required by this paragraph shall set forth facts based upon the personal knowledge of the affiant concerning the methods, means, and attempts made to locate and effect personal service on the defendant and any other pertinent facts.

"(3) Service by publication shall be made in at least one newspaper published in the State and having a general circulation in the circuit in which the action or proceeding has been instituted, in such manner and for such time as the court may order, but not less than once in each of four successive weeks, the last publication to be not less than twenty-one days prior to the return date stated therein unless a different time is prescribed by order of the court. If the action or proceeding concerns real property the court shall order additional notice by posting a copy of the summons upon the property.

"(4) Any adjudication shall, as regards a defendant served by publication pursuant to this section, or served as provided by section 634-24, affect only the property, status or res which is the subject of the action, unless (A) the defendant appears in the action and defends on the merits, in which case the defendant shall be liable to a personal judgment with respect to the claim so defended, including in the case of a foreclosure action a deficiency judgment, or (B) the service is authorized by section 634-25 or other provision of law, in which case the defendant shall be liable to any judgment authorized by such law.

"(5) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law or rule of court."

[6] See footnote 1, *ante*, for the text of this section.

[7] See footnote 2, *ante*, for the text of this section.

*The Full Faith and Credit Clause*

■ Article IV, section 1 of the United States Constitution, in its pertinent part, provides that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other State."

The purpose of the clause "was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin." (*Milwaukee County v. White Co.* (1935) 296 U.S. 268, 277 [56 S.Ct. 229, 234, 80 L.Ed. 220, 228].)

■ By reason of the clause, "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force." (*Baker v. General Motors Corp.* (1998) 522 U.S. 222, 233 [118 S.Ct. 657, 663-664, 139 L.Ed.2d 580, 592], fn. omitted; see also *Durfee v. Duke* (1963) 375 U.S. 106, 109 [84 S.Ct. 242, 244, 11 L.Ed.2d 186, 190].) Put another way, the principal limitation on the obligation to give full faith and credit to a sister state judgment "is the caveat . . . that 'a judgment of a court in one State is conclusive upon the merits in a court in another State only if the court in the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment.' [Citation.] Consequently, before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." (*Underwriters Assur. Co. v. N. C. Guaranty Assn.* (1982) 455 U.S. 691, 704-705 [102 S.Ct. 1357, 1366, 71 L.Ed.2d 558, 570-571].)

■ Moreover, " '[while] it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of [the Supreme] Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.' [Citation.]" (*Thorley v. Superior Court* (1978) 78 Cal.App.3d 900, 908 [144

Cal.Rptr. 557], quoting from *Durfee v. Duke, supra,* 375 U.S. at p. 111 [84 S.Ct. at p. 245, 11 L.Ed.2d at p. 191]; accord, *Washoe Development Co. v. Guaranty Federal Bank* (1996) 47 Cal.App.4th 1518, 1521 [55 Cal.Rptr.2d 479]; *World Wide Imports, Inc. v. Bartel* (1983) 145 Cal.App.3d 1006, 1010 [193 Cal.Rptr. 830].)

Accordingly, in determining whether to give full faith and credit to a sister state judgment, with certain exceptions not relevant here, the permissible scope of inquiry is limited to whether the court had jurisdiction over the subject matter and the relevant parties, often referred to as "fundamental jurisdiction." (*Thorley v. Superior Court, supra,* 78 Cal.App.3d at p. 907.) Further, even as to jurisdiction, the judgment may be challenged only if the issue of jurisdiction was not litigated in the foreign state. (*Indiana Insurance Co. v. Pettigrew* (1981) 115 Cal.App.3d 862, 864 [171 Cal.Rptr. 770] and cases cited therein.) If, rather, "the court of the first state has expressly litigated the question of jurisdiction, its determination is res judicata and is itself protected by the full faith and credit clause." (*Craig v. Superior Court* (1975) 45 Cal.App.3d 675, 680 [119 Cal.Rptr. 692].)

### *California's Sister State Money Judgments Act*

■ Partially in response to the constitutional mandate of full faith and credit, the California Legislature enacted the Sister State Money Judgments Act (the Act) to provide economical and expeditious registration procedures for enforcing sister state money judgments in California. (*Washoe Development Co. v. Guaranty Federal Bank, supra,* 47 Cal.App.4th at pp. 1521-1522; Code Civ. Proc., § 1710.10 et seq.) A California judgment can be obtained simply by registering a sister state judgment with the specified superior court, thereby avoiding the necessity of bringing a completely independent action here. (47 Cal.App.4th at p. 1522.)

Under the Act, however, a defendant retains the right to assert those defenses to the enforcement of a sister state judgment which were available under the former procedure (which required a separate lawsuit to enforce the judgment). (Code Civ. Proc., § 1710.40, subd. (a) [a judgment entered pursuant to the Act "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment . . . ."].)

Although the Act does not enumerate the available defenses, the Law Revision Commission's comment to Code of Civil Procedure section 1710.40 "explains that defenses to enforcement of the judgment may include the following: (1) the judgment is not final and unconditional; (2) the

judgment was rendered in excess of jurisdiction[8]; (3) the judgment was obtained by extrinsic fraud; (4) the judgment is not enforceable in the state of rendition; (5) the judgment has already been paid; (6) the plaintiff is guilty of misconduct; or (7) suit on the judgment is barred by the statute of limitations in the state where enforcement is sought." (*Washoe Development Co. v. Guaranty Federal Bank, supra,* 47 Cal.App.4th at p. 1522.) Since only the issue of jurisdiction is raised here, we do not address or consider the propriety of these other defenses.

### *The Hawaii Court Had Jurisdiction*

■ With these standards firmly in mind, we turn to whether the Hawaii court had jurisdiction over the parties and the subject matter of the Hawaii action. We conclude that it did.

First, the parties do not dispute that the Hawaii court had subject matter jurisdiction to adjudicate the foreclosure action over Jennett's Hawaii property.

Second, the Hawaii court had personal jurisdiction over Jennett. ■ A review of the cases under the full faith and credit clause and California's Sister State Money Judgments Act suggests that personal jurisdiction over a nonresident defendant depends upon the satisfaction of three criteria: First, a statute of the forum state must allow for the assertion of jurisdiction over the defendant under the circumstances presented (*Indiana Insurance Co. v. Pettigrew, supra,* 115 Cal.App.3d at pp. 864-865; *McGuire v. Brightman, supra,* 79 Cal.App.3d at p. 784); second, the assertion of personal jurisdiction must be constitutionally permissible (*ibid.*); and third, jurisdiction must be acquired by service of process in strict compliance with the requirements of that state's service statutes. (*Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 332-333 [150 Cal.Rptr. 855]; see *Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1229 [254 Cal.Rptr. 410].) All three of these criteria are satisfied here.

■ As to Hawaii's statutory authority to assert jurisdiction, Hawaii's long-arm statute, Hawaii Revised Statutes section 634-35, subdivision (a)(3),

---

[8]The Law Revision Commission comment does not define "in excess of jurisdiction." However, several California courts that have examined whether a sister state court lacked jurisdiction over the parties or over the subject matter have characterized the issue as an inquiry into whether the judgment was entered in "excess of jurisdiction." (E.g., *Indiana Insurance Co. v. Pettigrew, supra,* 115 Cal.App.3d at p. 864; *Craig v. Superior Court, supra,* 45 Cal.App.3d at p. 680; *McGuire v. Brightman* (1978) 79 Cal.App.3d 776, 782-783 [145 Cal.Rptr. 256].)

provides that "[a]ny person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts: [¶] . . . [¶] (3) The ownership, use, or possession of any real estate situated in this State . . . ." Jennett concedes on appeal that the Bank's "attempt to obtain a deficiency judgment, arises out of the ownership of property."

Second, the Hawaii court's assertion of personal jurisdiction was constitutionally permissible in light of the fact that the claim here arose out of Jennett's refinancing of property located in the forum state from a bank in the forum state for the purpose of raising capital for a company leasing that forum state property. (See *Ratcliffe v. Pedersen* (1975) 51 Cal.App.3d 89, 94 [123 Cal.Rptr. 793] ["When the cause of action arises out of the forum-related economic activity, the forum state will entertain jurisdiction over the nonresident defendant; in fact, an isolated act of economic activity, such as the making and performance of a contract in the forum state, may be sufficient to accord the forum state jurisdiction over the defendant when the cause of action is related to that isolated act of economic activity."]; *Long v. Mishicot Modern Dairy, Inc.* (1967) 252 Cal.App.2d 425, 428 [60 Cal.Rptr. 432].) Jennett does not claim otherwise on appeal.

By refinancing property in Hawaii through a Hawaii bank in order to raise capital for his Hawaii-based company, Jennett purposely availed himself of the privilege of conducting activities within Hawaii. ■ For purposes of the assertion of jurisdiction over a nonresident, the due process clause of the Fourteenth Amendment is satisfied "if the defendant has 'purposefully directed' his activities at residents of the forum [citation], and the litigation results from alleged injuries that 'arise out of or relate to' those activities [citation]," unless the assertion of personal jurisdiction would not, for other reasons, comport with fair play and substantial justice (which is not the case here). (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472, 476 [105 S.Ct. 2174, 2181-2182, 2184, 85 L.Ed.2d 528, 540, 543].) Indeed, sister state courts have upheld the exercise of personal jurisdiction over nonresidents in connection with similar claims arising from the ownership of property in the sister state. (*Welburn v. Eighth Jud. Dist. Ct. of State* (1991) 107 Nev. 105 [806 P.2d 1045] [personal jurisdiction over nonresident in Nevada action for deficiency judgment arising from sale of nonresident's Nevada property pledged as collateral for a loan]; *Tandy & Wood, Inc. v. Munnell* (1975) 97 Idaho 142 [540 P.2d 804] [personal jurisdiction over nonresident in Idaho action for breach of real estate broker's contract to sell Idaho property owned by nonresident].)

■ The final criterion is whether Jennett was served in compliance with Hawaii's statutes governing service by publication. Jennett conceded at

oral argument that this issue was fully litigated before the Hawaii First Circuit Court and the Hawaii Supreme Court in connection with his motion to vacate the deficiency judgment, based on his claim that service by publication was improper. " '[A] judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.' " (*Thorley v. Superior Court, supra,* 78 Cal.App.3d at p. 908, quoting from *Durfee v. Duke, supra,* 375 U.S. at p. 111 [84 S.Ct. at p. 245, 11 L.Ed.2d at p. 191].)

Moreover, the record suggests that the Bank complied with the requirements for service by publication: Hawaii Revised Statutes section 634-36 provides that "[i]f the defendant cannot be found to serve or mail the summons and the facts shall appear by affidavit or otherwise to the satisfaction of the court, it may order that service be made by publication of summons in at least one newspaper . . . ." In accordance with that section, the Bank submitted an affidavit demonstrating that certified mailings had been made to Jennett to the address identified in the mortgage documents and to a forwarding address, but that they had been returned unclaimed. The Bank noted that Jennett left no further forwarding addresses. Publication was thus ordered as provided by that statute.[9] Jennett does not argue on appeal that the Bank did not exercise reasonable diligence for purposes of establishing its right to service by publication.

Hence, the Hawaii court had jurisdiction over Jennett (and the subject matter), and full faith and credit should be accorded to its judgment.

*California Courts May Not Refuse Full Faith and Credit on the Basis of Error Concerning the Right to Enter a Deficiency Judgment*

Jennett nonetheless asserts that the deficiency judgment entered by the Hawaii court "is in excess of the jurisdiction of the Hawaii[] court to render" because Hawaii Revised Statutes section 634-23 does not permit the entry of a deficiency judgment against a defendant who is served by publication pursuant to that section where the defendant does not appear and defend on

---

[9]A court may—in conformance with constitutional standards of due process—assert in personam jurisdiction over a defendant who has been served pursuant to notice by publication, but only if the defendant's whereabouts are unknown and the plaintiff has complied with the statutes authorizing service by publication by demonstrating diligence in attempting to ascertain the defendant's whereabouts. (See *Donel, Inc. v. Badalian, supra,* 87 Cal.App.3d at p. 332 [where mailing of summons is reasonably feasible, any method of service less likely to provide actual notice is insufficient]; accord, *Kott v. Superior Court* (1996) 45 Cal.App.4th 1126, 1137-1138 [53 Cal.Rptr.2d 215]; see Rest.2d Judgments, § 2, com. g, pp. 42-43.)

the merits. As noted earlier, the Bank argues that service by publication was not done under that section but instead was expressly effectuated pursuant to Hawaii Revised Statutes sections 634-35 and 634-36.

In support of his contention that service by publication was effectuated pursuant to Hawaii Revised Statutes section 634-23, Jennett cites the Hawaii court's compliance with section 634-23: Subdivision (3) thereof requires that where service by publication is ordered, additional notice be given by posting a copy of the summons on the property, and the Hawaii court ordered such additional notice here.

However, the Hawaii court's compliance with the notice requirements of both Hawaii Revised Statutes section 634-23, subdivision (3) and section 634-36 (providing for service of process upon persons subject to jurisdiction pursuant to Hawaii's long-arm statute) simply confirms that this appeal challenges the statutory right to enter a deficiency judgment under Hawaii law, *not the jurisdiction of the Hawaii court over Jennett to determine the applicability of that statutory right.*

As long as the sister state court had jurisdiction over the subject matter and the parties, a sister state judgment is entitled to full faith and credit "even as to matters of law or fact erroneously decided." (*Tyus v. Tyus* (1984) 160 Cal.App.3d 789, 792 [206 Cal.Rptr. 817], citing Rest.2d Conf. of Laws, § 106; accord, *Fauntleroy v. Lum* (1908) 210 U.S. 230 [28 S.Ct. 641, 52 L.Ed. 1039]; see also *Ruddock v. Ohls* (1979) 91 Cal.App.3d 271, 279 [154 Cal.Rptr. 87] ["if the original court rendering the judgment had jurisdiction, an error of law or fact by that court generally cannot be raised in a collateral attack on the judgment"].)

Jennett argues that the Hawaii court's entry of a judgment in conflict with section 634-23 of the Hawaii Revised Statutes was in excess of its jurisdiction "and therefore void." However, this argument confuses a lack of fundamental jurisdiction—the absence of authority over the subject matter or the parties—with a lack of jurisdiction where the court has jurisdiction over the parties and subject matter but simply exceeds its statutory authority. The California Supreme Court has observed in a different context that "there is a difference between lack of jurisdiction in the fundamental sense . . . and the broader meaning of the term 'lack of jurisdiction' . . . ." (*Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 725 [285 P.2d 636].) ▮ "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) An

example of this type of lack of jurisdiction, according to the high court, would be a case "where the type of proceeding or the amount in controversy is beyond the jurisdiction defined for that particular court by statute or constitutional provision." (*Ibid.*) But jurisdiction is also " 'used as meaning authority to do the particular thing done, or, putting it conversely, a want of jurisdiction frequently means a want of authority to exercise in a particular manner a power which the . . . tribunal has, the doing of something in excess of the authority possessed.' " (17 Cal.2d at p. 290, quoting *Spreckels S. Co. v. Industrial Acc. Com.* (1921) 186 Cal. 256, 260 [199 P. 8].) An example of this type of lack of jurisdiction, cited by the high court, would be where the court has power to relieve a party of a judgment taken against him or her through excusable neglect pursuant to Code of Civil Procedure section 473, subdivision (b), but acts beyond the six-month period prescribed therein. (See *Abelleira v. District Court of Appeal, supra,* 17 Cal.2d at p. 289.)

As expressed in the cases, the operation of the full faith and credit clause depends on the presence of fundamental jurisdiction, not on the presence of the more broadly defined concept of jurisdiction. (E.g., *Underwriters Assur. Co. v. N. C. Guaranty Assn., supra,* 455 U.S. at pp. 704-705 [102 S.Ct. at pp. 1365-1366, 71 L.Ed.2d at pp. 570-571]; *Washoe Development Co. v. Guaranty Federal Bank, supra,* 47 Cal.App.4th at p. 1521 [" '[A] judgment entered by one state must be recognized by another state if the state of rendition had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and opportunity to be heard.' "][10]

Admittedly, subdivision (4) of section 634-23 of the Hawaii Revised Statutes links the right to enter a deficiency judgment to the manner of service of process. However, there being compliance with the statutory requirements for service of process, the question whether Hawaii law permits deficiency judgments against nonresident defendants properly served by publication is not a jurisdictional one in its fundamental sense, but merely one of duty based on statute. The right to enter a deficiency judgment following foreclosure is based on policy, not jurisdiction. (See *United Bank of Denver v. K & Y Trucking Co.* (1983) 147 Cal.App.3d 217, 223 [195 Cal.Rptr. 49] ["Deficiency judgments are only statutorily limited and are not inherently objectionable . . . ."].)

---

[10]*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 20 [84 Cal.Rptr.2d 715], cited by Jennett, does not hold to the contrary since it does not address the full faith and credit clause or the scope of fundamental jurisdiction for purposes thereof. "Language used in any opinion is of course to be understood in light of the facts and the issue before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

Indeed, California courts have given full faith and credit to deficiency judgments from a sister state, concluding that " 'a deficiency judgment in a sister state is not so offensive [to public policy] so as to compel [the] court to recognize an exception to the full faith and credit clause of the United States Constitution.' " (*Washoe Development Co. v. Guaranty Federal Bank, supra,* 47 Cal.App.4th at p. 1524, italics omitted, quoting *United Bank of Denver v. K & Y Trucking Co., supra,* 147 Cal.App.3d 217, 223.) Where, as here, the sister state court rendering the judgment had jurisdiction over the subject matter and the parties, we may not refuse to recognize that judgment on the ground that the sister state erred in determining that its laws permitted the entry of a deficiency judgment.

Our decision is reinforced by the unseemly inconsistency with the constitutional command of full faith and credit were a California court to refuse to recognize a sister state judgment on the basis of a close issue of sister state law, better decided by that state's courts.

In *Fauntleroy v. Lum, supra,* 210 U.S. 230, 234 [28 S.Ct. 641, 52 L.Ed. 1039], the United States Supreme Court held that a Missouri judgment (based on an arbitral award arising out of a gambling transaction in cotton futures in Mississippi) was entitled to full faith and credit in Mississippi, even assuming the Missouri judgment rested on a misapprehension of Mississippi law, which provided that such transactions "shall not be enforced by any court." Justice Holmes, writing for the court, rejected the defendant's contention that the Mississippi statute deprived the Mississippi courts of jurisdiction, stating: "No doubt it sometimes may be difficult to decide whether certain words in a statute are directed to jurisdiction or to merits, but the distinction between the two is plain. One goes to the power, the other only to the duty, of the court. . . . [¶] . . . The statute now before us seems to us only to lay down a rule of decision. The Mississippi court in which this action was brought is a court of general jurisdiction and would have to decide upon the validity of the bar, if the suit upon the award or upon the original cause of action had been brought there. The words 'shall not be enforced by any court' are simply another, possibly less emphatic, way of saying that the action shall not be brought to enforce such contracts." (*Id.* at pp. 234-235 [28 S.Ct. at p. 642].)

Here, too, while "it sometimes may be difficult to decide whether certain words in a statute are directed to jurisdiction or to merits, . . . the distinction between the two is plain. One goes to the power, the other only to the duty, of the court." (*Fauntleroy v. Lum, supra,* 210 U.S. at p. 235 [28 S.Ct. at p. 642].) The Hawaii court's authority to enter a deficiency judgment in this case was based on its interpretation of its statutory duty, not on its jurisdictional power since it had personal jurisdiction over Jennett, service by

publication having been properly effectuated. Accordingly, because Hawaii had jurisdiction over the subject matter and the parties in the Hawaii action, we—a California court—may not second-guess whether the Hawaii court erred in construing Hawaii law to give it the right to enter a deficiency judgment, and must accord full faith and credit to the Hawaii judgment.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal. (Cal. Rules of Court, rule 26(a).)

Scotland, P. J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 12, 2000. Baxter, J., and Chin, J., did not participate therein.