Filed 6/15/23  Hall v. Rosen CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| CHIKAKO IRIS HALL,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SANFORD P. ROSEN,<br><br>        Defendant and Respondent. | A164176<br><br>(San Francisco City and County Super. Ct. No. CGC-17-561552) |

Appellant Chikako Iris Hall brought this action on behalf of a putative class alleging that Giggle, Inc., a business selling children's items, failed to honor gift cards issued to California consumers.  Giggle assigned its assets to respondent Sanford P. Rosen, a New York attorney whose law firm specializes in insolvency-related legal services.  The trial court granted judgment on the pleadings in Rosen's favor, because it gave full faith and credit to a final ruling in a related New York case that discharged Rosen from liability to Hall.

On appeal, Hall claims the New York court lacked personal jurisdiction over her, and the trial court therefore erred by giving full faith and credit to the New York ruling.  But the New York court ruled it had personal

1

jurisdiction over Hall, and we conclude that ruling is preclusive regardless of whether it was correct on the merits.[1]  Therefore, we affirm.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

Giggle was a "high-end store selling items for babies and toddlers" through internet and brick-and-mortar sales.  Its principal offices were in New York, but it had two retail locations in California, including one in San Francisco.  In early 2017, Hall acquired a gift card with a value of about $400 from the San Francisco store.  Later that year, she "learned that the gift card . . . would not be accepted at any [Giggle] store[]."

In September 2017, Hall brought this action (the San Francisco case) against Giggle as a putative class representative, alleging:  (1) a claim under Civil Code section 1749.6, which extends certain protections to holders of gift certificates; (2) a claim under the Unfair Competition Law (Business and Professions Code section 17200 et seq.); and (3) a claim for conversion.  Giggle failed to answer, and default was entered against it.  Hall later amended the complaint to name Rosen and his law firm as defendants.  Rosen filed an answer, but the service of summons on his law firm was quashed for lack of personal jurisdiction.

About a week before Hall filed the San Francisco case, Giggle's assets were assigned to Rosen as trustee, as part of an action in New York (the New York case) called an "assignment for the benefit of creditors" proceeding (ABC

---

[1] As a result, we need not resolve most of the parties' jurisdictional arguments.  Although Hall also argues that her claim should have been litigated in California under the doctrine of forum non conveniens, she admits that she never raised that issue before the New York court and relies on it now only as "a factor weighing against the exercise of personal jurisdiction in New York."

proceeding). In New York, ABC proceedings are conducted under the supervision of the New York trial court, and they allow businesses to assign their assets to an assignee, who acts as a trustee, for the benefit of creditors. (N.Y. Debtor and Creditor Law Ch. 12, Art. 2, §§ 2–24.) These proceedings are similar to bankruptcies in that the assignee expeditiously liquidates the business's assets to provide creditors with the greatest amount in payment of their claims.[2] (*Speciner v. Chase Manhattan Bank, N.A.* (N.Y. Sup. Ct. 1980) 103 Misc.2d 19, 20.) Shortly after the ABC proceeding was commenced, the New York court ordered that any person who failed to exercise the opportunity to file a claim would be "forever barred, estopped, and enjoined from asserting a claim against [Giggle], [Rosen], and/or their professionals, with such parties being forever discharged from any and all indebtedness or liability with respect to such claim."

For a while, litigation proceeded simultaneously in both cases. In the San Francisco case, Rosen filed a motion to dismiss or stay based on comity, and Hall sought a preliminary injunction to halt the New York case. The trial court deferred ruling on both motions.

Meanwhile, in the New York case, Rosen moved to prevent Hall from asserting a claim against him because she had failed to do so before the claims bar date. In July 2018, the New York court held a hearing at which Hall made a special appearance to argue the court lacked jurisdiction over her. The court informed Hall at the hearing that any claim against Rosen she wanted to pursue should be made in the New York case. The court remarked, "[Y]ou're alleging that my receiver stole your money. That, I

---

[2] California allows similar ABC proceedings, which are "a widely used method by which an insolvent debtor transfers his or her assets in trust to an assignee, who liquidates them and distributes the proceeds to the creditors." (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 710, p. 795.)

think, is something that I have and . . . New York [has] a lot of interest in. I don't have any interest in letting any other court resolve that issue."

In December 2018, the New York court issued a written order denying Rosen's motion to enjoin Hall from asserting a claim against Rosen. In doing so, however, the court rejected Hall's argument that it lacked jurisdiction over her, ruling that "this proceeding is the appropriate forum to adjudicate Hall's claim concerning her gift card." It then gave Hall 20 days to submit a claim. Our record does not reflect that Hall appealed or otherwise challenged this ruling in New York. Two months later, in February 2019, the trial court stayed the San Francisco case "pending the conclusion of proceedings in New York on the claims alleged by . . . Hall."

After Hall failed to file a claim in the New York case, Rosen filed a second motion in that case to enjoin her and others who failed to file a claim from asserting claims against Giggle or him and to discharge them from further liability. This time, the New York court granted the motion. Our record does not reflect that Hall appealed or otherwise challenged this ruling in New York.

In August 2021, Rosen moved in the San Francisco case to lift the stay and be granted judgment on the pleadings. The trial court granted both motions. In granting judgment on the pleadings, the court concluded it was required to recognize the New York ruling discharging Rosen from liability based on the full faith and credit clause of the United States Constitution.

II.
DISCUSSION

A.    *General Legal Standards*

"A defendant may move for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action against that defendant. (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).) A

4

motion for judgment on the pleadings 'is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] ' "The grounds for a motion for judgment on the pleadings must appear on the face of the challenged complaint or be based on facts which the court may judicially notice." ' [Citation.] Where the plaintiff appeals from a judgment on the pleadings, we accept and liberally construe all properly pleaded factual allegations, but not contentions, deductions or conclusions of fact or law." (*Environmental Health Advocates, Inc. v. Sream, Inc.* (2022) 83 Cal.App.5th 721, 728–729.)

With this standard in mind, we turn to the governing law. Article IV, section 1 of the United States Constitution provides that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other State." As a consequence of this clause, " '[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land.' " (*Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 113 (*Jennett*).)

"[T]he principal limitation on the obligation to give full faith and credit to a sister state judgment 'is the caveat . . . that "a judgment of a court in one State is conclusive upon the merits in a court in another State only if the court in the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." [Citation.] Consequently, before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given.' " (*Jennett, supra*, 77 Cal.App.4th at p. 113.)

This limitation, however, is itself limited. While a court in one state may generally inquire into the foreign court's jurisdiction to render a judgment, " ' "the modern decisions of [the United States Supreme] Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—*even as to questions of jurisdiction*—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." ' " (*Jennett, supra,* 77 Cal.App.4th at p. 113, italics added.) Stated another way, if "the court of the first state has expressly litigated the question of jurisdiction, its determination is res judicata and is itself protected by the full faith and credit clause." (*Craig v. Superior Court* (1975) 45 Cal.App.3d 675, 680; see *Vorys, Sater, Seymour & Pease v. Ryan* (1984) 154 Cal.App.3d 91, 93.)

> B.  *The Trial Court Properly Granted Rosen's Motion for Judgment on the Pleadings Because It Was Required to Give Full Faith and Credit to the New York Court's Final Rulings.*

The foregoing principles govern the resolution of this case, because jurisdiction was expressly litigated in the ABC proceeding and the New York court determined it had jurisdiction over Hall. In their initial briefing, the parties disagreed about whether personal jurisdiction was litigated in the New York case. In arguing that Hall waived any jurisdictional challenge by appearing in the ABC proceeding, Rosen claimed that Hall did not raise the issue of personal jurisdiction in that case. In her reply brief, Hall argued that she did raise the issue there. After we asked for supplemental briefing on whether the New York court made a ruling about its personal jurisdiction over Hall that was entitled to full faith and credit, Rosen switched positions, claiming that Hall *did* raise the issue of personal jurisdiction and the New

6

York court ruled against her. In her supplemental brief, Hall argued that, although she raised the issue of personal jurisdiction before the New York court, it "was not expressly litigated . . . , and the record is devoid of anything pointing to the contrary."

The record shows that the issue of personal jurisdiction was clearly litigated in the New York case. Hall concedes that she argued at the July 2018 hearing "that New York never had personal jurisdiction over [her]." Indeed, as the hearing transcript shows, Hall's counsel argued, "[T]he Court does not have personal jurisdiction over [Hall]. She has never taken action in the State of New York. She lives in California. She purchased the gift cards in California. She was advised by the California stores and California employees that they would not be honoring the gift cards. All of this occurred in California."

We reject Hall's contention that the issue of personal jurisdiction was not decided in the ABC proceeding, whether because the New York court failed to follow through on its suggestion it might ask for further briefing on the issue or because deciding the issue was not "necessary" to its order following the July 2018 hearing. It is true that the New York court found that Hall had not been properly notified of her opportunity to file a claim, and it therefore gave her more time to file one. But in its written ruling, the court rejected the notion that it lacked jurisdiction over the subject matter or Hall, ruling that it "agree[d] with Rosen that this Court has jurisdiction over Giggle's assets and that this proceeding is the appropriate forum to adjudicate Hall's claim concerning her gift card." If Hall disagreed with the ruling that the ABC proceeding was "the appropriate forum to adjudicate [her] claim," she could and should have challenged the ruling. She did not do so, however, and after she failed to file a claim within the extended time

7

given for her to do so, the New York court entered an order "barring, estopping, and enjoining . . . Hall and all other persons . . . who failed to file a proof of claim from asserting a claim against [Giggle], [Rosen], and/or their professionals, with such parties being forever discharged from any and all indebtedness or liability with respect to such claim, and such person or entity shall be barred from claiming or seeking any distribution from the . . . estate."

The July 2018 hearing did not create a "Hobson's Choice" for Hall, despite her claim to the contrary. By specially appearing at the July 2018 hearing, Hall took advantage of the opportunity to present her jurisdictional arguments without waiving them. She had no guarantee, however, that her arguments would be successful. When the New York court eventually ruled against her by informing her that the ABC proceeding was the appropriate forum to adjudicate her claim, she could have challenged the ruling in further New York proceedings. By not doing so, she allowed the ruling to become final, and therefore preclusive in the San Francisco case.

Hall's argument that the New York court lacked jurisdiction over her under the substantive law misses the point. The question is not whether the New York court *correctly* determined it had jurisdiction over her but whether the issue was litigated and ruled upon—rightly or wrongly. Since the issue was litigated in and decided by the New York court, the trial court in this case properly concluded that it was required to accept the New York rulings under the full faith and credit clause.

## III.
### DISPOSITION

The judgment is affirmed. Respondent is awarded his costs on appeal.

8

                                          _____

                                          Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Swope, J.*

     *Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*Hall v. Rosen*  A164176