Filed 9/18/24  GlobalCFO v. Venkataramanappa CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| GLOBALCFO LLC et al.,<br><br>    Plaintiffs and Respondents,<br>v.<br>PRASANNA K. VENKATARAMANAPPA et al.,<br><br>    Defendants and Appellants. | A168800<br><br>(Alameda County<br>Super. Ct. No. 23CV032175) |

After respondents GlobalCFO LLC and GlobalCFO Franchise, LLC (the GlobalCFO entities) obtained a judgment against appellants in Texas for violation of a franchise agreement, they obtained an entry of a sister-state judgment here in California.  Appellants filed a motion to vacate the judgment and argued that the Texas court had lacked jurisdiction over them.  The trial court denied the motion, and we affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Appellants Prasanna and Sushma Venkataramanappa[1] are husband and wife.  They live in Fremont and have never been to Texas.

_____

[1] To avoid confusion, we use the Venkataramanappas' first names when referring to them individually.

Global Value Add, Inc. (which later became respondent GlobalCFO, LLC) and Prasanna entered into an "Employment, Confidentiality, Intellectual Property and Non-Compete Agreement" in May 2016. A section of the agreement covering the applicable law and dispute resolution provides, "The laws of the State of Texas, USA, shall govern this Agreement. Parties shall submit all disputes under this Agreement exclusively to the courts at Alameda County, Fremont. Provided that the Company may bring suit in any court of competent jurisdiction to restrain the Employee from committing a breach of this Agreement."

In December 2017, Sushma and someone named Sudhir Pai (as trustee of the Guruganesh 2017 Trust, a trust that is not a party to this appeal (hereafter "nonparty trust")) executed an operating agreement for Venkataramanappa LLC, which later became PV Tax, LLC.

Sushma (on behalf of Venkataramanappa LLC) in February 2018 entered into a franchise agreement with "My Tax Filer Global CFO Service GVA Franchise, LLC" ("the franchise agreement"). Exhibit A to the franchise agreement included a provision titled "Consent to Jurisdiction" that provides in part, "Any action brought by either party shall only be brought in the appropriate state or Federal courts located in or serving Plano, Texas. The parties waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision." In their opening brief in this court, the Venkataramanappas obliquely refer to the "mix of specified venues" in the franchise agreement. But they wait until the penultimate page of the brief to acknowledge that the agreement specifies a Texas venue, and they never address the point that the agreement purports to include their waiver of personal jurisdiction in that state.

Global Value Add, Inc. fired Prasanna in November 2020. But apparently the relationship between GlobalCFO and its franchisee (Venkataramanappa LLC/PV Tax, LLC) continued. According to the GlobalCFO entities, the relationship "rapidly deteriorated" between August and December 2021 after the entities learned that Prasanna allegedly hid financial information and took proprietary information for a website he surreptitiously created. GlobalCFO ultimately terminated the franchise agreement.

In April 2022, the GlobalCFO entities and the nonparty trust (on behalf of PV Tax, LLC) filed an action against the Venkataramanappas in Texas. They alleged that Prasanna had violated their intellectual-property and trade-secrets rights and that both Venkataramanappas had breached non-complete and non-disclosure agreements.

The Venkataramanappas filed a special appearance and motion to dismiss the Texas action, contending that the Texas court lacked personal jurisdiction over them. The Texas court denied their motion and concluded that it had jurisdiction over them. The court issued an order directing the Venkataramanappas to make a general appearance.

The Venkataramanappas failed to make a general appearance or to answer the merits of the GlobalCFO entities' petition. The Texas court in April 2023 entered a final judgment and permanent injunction against the Venkataramanappas. The court ordered them to pay $15,000 in liquidated damages, $173,713.57 in attorney fees, plus costs and pre- and post-judgment interest. The judgment also ordered injunctive relief, as it directed the Venkataramanappas to provide certain confidential and proprietary information to the GlobalCFO entities and enjoined the Venkataramanappas

from using proprietary and confidential information and from taking other action.

The GlobalCFO entities in May 2023 filed an application for entry of a sister-state judgment under the Sister-State Money Judgments Act (Code Civ. Proc., § 1710.10 et seq.,[2] hereafter "the Act"). The trial court entered the sister-state judgment that same day.

The Venkataramanappas filed a motion to vacate the Texas judgment (§ 1710.40). They argued that the Texas court had lacked personal jurisdiction over them, and the GlobalCFO entities argued to the contrary. The trial court denied the motion. Citing *Craig v. Superior Court* (1975) 45 Cal.App.3d 675, the court concluded that the Texas court had already litigated the issue of jurisdiction and that the court's finding of jurisdiction was thus entitled to preclusive effect. The trial court stated that even it were to independently consider the jurisdictional question, the Venkataramanappas had not met their burden to vacate the Texas judgment.

## II.
## DISCUSSION

The Venkataramanappas renew their argument that the Texas court lacked jurisdiction over them. We are not persuaded.

The full faith and credit clause of the United States Constitution (U.S. Const., art. IV, § 1) provides that "[f]ull faith and credit shall be given in each state to the . . . judicial proceedings of every other state." The California Legislature enacted the Act "to provide economical and expeditious registration procedures for enforcing sister state money judgments in California." (*Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 114.)

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

But a defendant retains the right to assert defenses to the enforcement of such a judgment (§ 1710.40, subd. (a)), including, among other grounds, that the judgment was rendered " 'in excess of jurisdiction,' " meaning "a sister state court lacked jurisdiction over the parties or over the subject matter." (*Bank of America*, at pp. 114–115 & fn. 8.) "[A]s to jurisdiction, the judgment may be challenged only if the issue of jurisdiction was not litigated in the foreign state. [Citation.] If, rather, 'the court of the first state has expressly litigated the question of jurisdiction, its determination is res judicata and is itself protected by the full faith and credit clause.' " (*Id.* at p. 114; see also *Craig v. Superior Court*, *supra*, 45 Cal.App.3d at p. 680.)

"There are 'two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction.' [Citation.] The issue in this case relates to specific jurisdiction, which is personal jurisdiction that exists only for a particular case." (*Casey v. Hill* (2022) 79 Cal.App.5th 937, 963.) " 'The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.' " ' [Citations.] Courts employ a three-part test to determine whether a defendant has had sufficient minimum contacts with the forum state to be subject to specific jurisdiction. A court may exercise specific jurisdiction over a nonresident defendant *only if*: (1) the defendant has purposefully availed himself of forum benefits or purposefully directed his activities at the forum state; (2) the controversy is related to or arises out of the defendant's contacts with the forum; and (3) the assertion of personal jurisdiction would comport with the principles of fair play and substantial justice." (*Id.* at p. 964.)

As parties moving to set aside a sister-state judgment, the Venkataramanappas had the burden to show by a preponderance of the

evidence why they were entitled to relief.[3]  (*Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 88.) Where, as here, the facts are uncontradicted, we review de novo the trial court's ruling on a motion to vacate a sister-state judgment, and determine the question of personal jurisdiction as a matter of law.  (*Casey v. Hill*, *supra*, 79 Cal.App.5th at p. 962.)

The trial court concluded that the Texas court litigated the issue of jurisdiction, and that Texas's conclusion that it had jurisdiction was entitled to preclusive effect.  On the merits of the Venkataramanappas' jurisdictional attack, the court noted that the Venkataramanappas had contracted with Texas entities and had contractually consented to personal jurisdiction in Texas under the franchise agreement.

On appeal, the Venkataramanappas neither cite the Act governing this action nor acknowledge the trial court's conclusions.  They repeatedly stress that they have never been to Texas.  But as the trial court explained, their presence in Texas "speaks to *general jurisdiction*," whereas the Texas court reasonably concluded that their agreements with the GlobalCFO entities established "*specific personal jurisdiction*" over the Venkataramanappas. (Italics added.)  Again, the Venkataramanappas do not acknowledge that the franchise agreement included a provision in which they waived personal jurisdiction in Texas.

---

[3] Relying on federal cases, the Venkataramanappas claim that the initial burden fell on respondents to establish personal jurisdiction.  But the cases they cite involved the original determination of jurisdiction, not a collateral attack on a jurisdictional finding that was previously made by a sister state.  (*Louis Vuitton Malletier, S.A. v. Mosseri* (11th Cir. 2013) 736 F.3d 1339, 1350 [reviewing district court's determination of personal jurisdiction]; *United Techs. Corp. v. Mazer* (11th Cir. 2009) 556 F.3d 1260, 1274 [same]; *Madera v. Hall* (11th Cir. 1990) 916 F.2d 1510, 1514 [same].)

The Venkataramanappas cite a series of cases regarding challenges to sister-state divorce decrees, and claim the trial court erred in not following them.  True enough, the full faith and credit clause "bars a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister state where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues and where the decree is not susceptible to collateral attack in the courts of the state which rendered the decree." (*Craig v. Superior Court, supra*, 45 Cal.App.3d at p. 680, citing *Sherrer v. Sherrer* (1948) 334 U.S. 343, 351–352 [divorce decree not subject to attack where party appeared in sister-state divorce proceedings] & *Heuer v. Heuer* (1949) 33 Cal.2d 268, 271 [applying *Sherrer*]; see also *Coe v. Coe* (1948) 334 U.S. 378, 384.)  The Venkataramanappas appear to argue that because— unlike the parties in the foregoing cases—they did not make a general appearance in the Texas action, the resulting judgment cannot apply to them. They contend that because they only specially appeared for the purpose of challenging jurisdiction, they did not have the opportunity to fully litigate *the underlying case*.  They skip over the part where the Texas court rejected their jurisdictional arguments and ordered them to enter a general appearance, which they declined to do.  And they simply ignore the general rule, articulated in *Craig*, that a sister state's express ruling on jurisdiction is entitled to full faith and credit and is not subject to collateral attack. (*Craig v. Superior Court*, *supra*, 45 Cal.App.3d at p. 680.)

We are not persuaded by the Venkataramanappas' reliance on a California-specific "Multi-state Addenda" to the franchise agreement that mentions the California Franchise Relations Act (Bus. & Prof. Code, § 20000 et seq.).  (Formatting omitted.)  True, Business and Professions Code

section 20040.5 (which is not specifically cited in the addenda) provides that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within the state." The Venkataramanappas claim the statute means that any foreign venue provisions in the franchise agreement are "void." They do not address the trial court's conclusions that "venue is a distinct concept from jurisdiction" (citing *Williams v. Superior Court* (2021) 71 Cal.App.5th 101, 115 ["well established that venue is not a matter that goes to the fundamental jurisdiction of the superior court to hear and rule on a case"]) and that "a party may consent to a foreign jurisdiction by contract" (citing *National Equipment Rental, Ltd. v. Szukhent* (1964) 375 U.S. 311, 316). The Venkataramanappas raise no argument to the contrary, and we see no reason to set aside the trial court's ruling.

Appellants represented below that respondents' "entire complaint in the Texas court was based upon the Franchise Agreement between GVA Franchise, LLC and Venkataramanappa, LLC (later PV Tax, LLC)." For the first time at oral argument in this court, appellants' counsel relied on a statute that applies to employment contracts since GlobalCFO and Prasanna had at one point entered into an employment agreement as well. Counsel cited Labor Code section 925, which provides that an employer may not require an employee who resides and works in California as a condition of employment to agree to a requirement that an employee "adjudicate outside of California a claim arising in California." (*Id.*, subd. (a)(1).) There is no indication that appellants have ever previously relied on this statute, either in the Texas court or in the trial court, and they did not cite the statute in their appellate briefs. They thus forfeited the issue. And even if they had

not, the statute does not appear to apply since the Texas dispute centered on the parties' franchise agreement.

In short, the Venkataramanappas failed, both below and on appeal, to establish that the Texas court lacked jurisdiction over them.

## III.
### DISPOSITION

The order denying appellants' motion to vacate is affirmed. Respondents shall recover their costs on appeal.

_____

Humes, P. J.

WE CONCUR:


_____

Langhorne Wilson, J.


_____

Siggins, J*


*Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*GlobalCFO LLC et al. v. Venkataramanappa et al.*  A168800